# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00420-CV

### In re Texas Education Agency and
### Michael L. Williams, Commissioner of Education for the State of Texas

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## O P I N I O N

Relators Texas Education Agency and Michael L. Williams, Commissioner of Education for State of Texas (collectively, the Commissioner), filed a petition for writ of mandamus alleging that the district court abused its discretion by issuing orders denying supersedeas after the Commissioner filed notices of appeal from the district court's temporary injunctions and denial of the Commissioner's plea to the jurisdiction. The challenged orders arose from a declaratory-judgment suit filed by certain charter schools against the Commissioner seeking to stop the administrative charter-revocation process under Texas Education Code § 12.115(c). Because the trial court issued the challenged orders after the statutory stay of "all other proceedings in the trial court" under Texas Civil Practice and Remedies Code section 51.014(b), we will conditionally grant the writ. *See* Tex. Civ. Prac. & Rem. Code § 51.014(b).

### BACKGROUND

American Youthworks, Inc. is a nonprofit corporation that operates an open-enrollment charter school under chapter 12, subchapter D of the Texas Education Code. *See* Tex. Educ. Code §§ 12.101-.136. Youthworks was notified on December 18, 2013 of the Commissioner's decision to revoke its charter effective June 30, 2014 under section 12.115(c), which requires the Commissioner

to revoke the charter of any school that, for three consecutive years, receives unacceptable academic-performance ratings, unsatisfactory "financial accountability" performance ratings, or a combination of the two. *See id.* § 12.115(c)(1-3). Youthworks appealed the Commissioner's revocation decision to the State Office of Administrative Hearings. *See id.* § 21.116(c).

Before the scheduled SOAH hearing, Youthworks filed the underlying declaratory-judgment suit in Travis County district court seeking interpretation of sections 12.115 and 12.116 of the Education Code, which set forth the basis and procedure for mandatory revocation of an open-enrollment charter school's charter after the school fails to meet academic or financial accountability standards for three consecutive years. *See id*. §§ 12.115, 12.116. Youthworks alleged primarily that: (1) sections 12.115 and 12.116 of the Education Code are unconstitutionally retroactive statutes; (2) the process applied to the charter-revocation proceeding fails to meet procedural due process requirements; (3) TEA's use of prior-year data for calculation of the following year's accountability ratings is an ultra vires action; and (4) the rules applied to determine Youthworks's financial ratings were illegally adopted. In addition to the declaratory judgment, Youthworks sought injunctive relief to stay the revocation proceedings pending the outcome of its claims. Two other entities that operate open-enrollment charter schools facing revocation of their charters, Two Azleway, Inc. and Honors Academy, Inc., intervened in Youthworks's suit asserting similar claims[1] and joining in Youthworks's request for injunctive relief.[2]

---

[1] Azleway made the additional claim that as a residential treatment facility it is exempt from the scope of sections 12.115 and 12.116 of the Education Code. *See* Tex. Educ. Code § 39.055.

[2] SOAH later abated the cases involving the revocation of Azleway's and Youthworks's charters. However, SOAH had already issued a decision affirming the Commissioner's decision to revoke Honors Academy's charter.

The Commissioner filed an answer, special exceptions, and a plea to the jurisdiction asserting sovereign immunity as to the charter schools' claims. Specifically, the Commissioner asserted that the district court lacked jurisdiction to review the administrative charter-revocation process because the Education Code explicitly provides that a SOAH decision regarding a charter school revocation "is final and may not be appealed." Tex. Educ. Code § 12.116(c)(2). The Commissioner further asserted that the charter schools had not shown a probable right to their requested injunctive relief because, among other things: (1) the district court lacked jurisdiction over the charter schools' claims given the Education Code's explicit provision for no judicial review of a decision by SOAH on a charter-school revocation;[3] (2) there is no vested right or protected property interest in the operation of a charter school; and (3) the charter schools could not have plead their rule challenge under the Administrative Procedure Act because the APA does not apply to charter revocations, *see* Tex. Educ. Code § 12.116(b), and even if the APA did apply, section 2001.038(e) of the Texas Government Code prohibits bringing a rule challenge to stay an administrative-revocation proceeding.

After a hearing, the district court denied the Commissioner's plea to the jurisdiction and granted the charter schools' applications for temporary injunction.[4] The Commissioner filed accelerated

---

[3] The Commissioner noted that the Education Code provisions at issue here were recently implemented to require automatic revocation of a charter without appeal from that revocation determination after a charter school failed to meet academic or financial accountability standards for three consecutive years. It was anticipated that the new legislation would allow the State to expedite shutting down poorly performing charters and avoid prolonged litigation during which the school would continue to receive State funding.

[4] The Commissioner's plea to the jurisdiction, which was filed in his response to the charter schools' temporary-injunction requests, was argued at the temporary-injunction hearing. The Commissioner's subsequent notices of appeal included a challenge to the denial of the plea.

appeals from both of the temporary-injunction orders and—based on the appeal of the district court's denial of the Commissioner's plea to the jurisdiction—invoked section 51.014(b) of the Texas Civil Practice and Remedies Code to stay all other trial court proceedings pending resolution of the appeals. *See* Tex. Civ. Prac. & Rem. Code § 51.014(b). Honors Academy subsequently filed a request for emergency relief asking this Court to deny the Commissioner's supersedeas of the temporary injunctions. We denied that relief.

Afterward and while these appeals were pending, Youthworks filed a motion with the district court seeking the same denial of supersedeas that this Court had previously denied to Honors Academy. Honors Academy and Azleway then filed nearly identical motions. The district court held hearings on June 5, 2014 and June 24, 2014 on the charter schools' motions to deny the Commissioner's supersedeas, i.e., asking the district court to suspend supersedeas so that the temporary injunctions would remain in effect during the appeals. The court signed orders on June 12 and June 24 granting both motions and finding specifically that it "ha[d] the discretion to refuse to permit the State to supersede this Court's interlocutory Temporary Injunction order pending appeal." The Commissioner then filed this petition for writ of mandamus and motion for temporary relief.

**DISCUSSION**

To obtain mandamus relief, relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Southwestern Bell Tel. Co., L.P.*, 226 S.W.3d 400, 403 (Tex. 2007) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004)). In his first argument, the Commissioner contends that the district court abused its discretion by granting the charter schools' motions to deny supersedeas after the Commissioner filed

4

his notice of appeal and invoked section 51.014(b)'s automatic stay of all trial court proceedings based on the denial of the plea to the jurisdiction. Texas Civil Practice & Remedies Code section 51.014(b) provides in relevant part:

> An interlocutory appeal under Subsection (a) . . . (8) [denying a plea to the jurisdiction] also stays all other proceedings in the trial court pending resolution of that appeal.

*Id*.

The record reflects that the district court's orders denying the Commissioner's right to supersede the temporary injunctions were signed after the Commissioner had appealed and invoked section 51.014(b) of the Civil Practice and Remedies Code to stay all other trial court proceedings in the cause below. Conducting hearings and signing the challenged orders denying supersedeas was an abuse of the district court's discretion because it violated the automatic stay of "all other proceedings in the trial court" under section 51.014(b). *See* Tex. Civ. Prac & Rem. Code § 51.014(b). "[T]he stay set forth in section 51.014 is statutory and allows no room for discretion." *Sheinfeld, Maley & Kay, P.C. v. Bellush*, 61 S.W.3d 437, 439 (Tex. App.—San Antonio 2001, no pet.); *Tarrant Reg'l Water Dist. v. Gragg*, 962 S.W.2d 717, 718 (Tex. App.—Waco 1998, no pet.); *see In re Bliss & Glennon, Inc.*, No. 01-13-00320-CV, 2014 Tex. App. LEXIS 119, at *11 (Tex. App.—Houston [1st Dist.] Jan. 7, 2014, orig. proceeding) (conditionally granting mandamus based on signing of severance order during stay); *see City of Houston v. Swinerton Builders, Inc.*, 233 S.W.3d 4, 9 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (allowing filing of amended petition violated stay); *see also Oryx Capital Int'l, Inc. v. Sage Apts., L.L.C.*, 167 S.W.3d 432, 438 (Tex. App.—San Antonio 2005, no pet.) (appellate court order staying "all further proceedings" prohibited trial court from considering motion for nonsuit)).

Finding that the district court abused its discretion, we must consider whether the State has an adequate remedy by appeal. *See In re State*, 355 S.W.3d 611, 614 (Tex. 2011) (orig. proceeding). We assess the adequacy of an appellate remedy by looking at a number of factors and "balancing the benefits of mandamus review against the detriments." *Id.* (citing *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding)). Here, the two challenged orders denying supersedeas are neither final judgments nor appealable interlocutory orders. As such, they are not immediately appealable. The hearings held and orders signed by the district court take away the Commissioner's statutory right to the automatic stay of all trial court proceedings under section 51.014, which cannot be recovered by appeal. *See, e.g.*, *In re State Farm Mut. Auto. Ins. Co.*, 192 S.W.3d 897, 903 (Tex. App.—Tyler 2006, orig. proceeding) (concluding that relator lacked adequate remedy by appeal because denial of its right to a stay could not be recovered once it was lost).

We conclude that the district court's orders denying the Commissioner's right to supersedeas, which were signed after section 51.014(b) automatically stayed "all other proceedings in the trial court," were an abuse of the district court's discretion for which the Commissioner lacks an adequate remedy by appeal.[5]

## CONCLUSION

We conditionally grant the Commissioner's petition for writ of mandamus. *See* Tex. R. App. P. 52.8(c). The writ will issue only if the district court fails to vacate the underlying orders in accordance with this opinion. The Commissioner's motion for temporary relief is dismissed as moot.

---

[5] Because this issue is dispositive of the Commissioner's petition for writ of mandamus, we need not reach the alternative bases presented in the petition. *See* Tex. R. App. P. 47.1.

6

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Filed:   July 18, 2014