# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00496-CV

In re Texas Education Agency and
Michael L. Williams, Commissioner of Education for the State of Texas

ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## O P I N I O N

Relators Texas Education Agency (TEA) and Michael L. Williams, Commissioner of Education for State of Texas (collectively, the Commissioner), filed a petition for writ of mandamus alleging that the district court abused its discretion by issuing temporary restraining orders enjoining the State Office of Administrative Hearings (SOAH) and two administrative law judges (ALJs) from proceeding with a hearing on the charter revocation of a charter school, American Youthworks, Inc. We will conditionally grant the writ.

## BACKGROUND

This is the second mandamus proceeding challenging a district court's attempts to halt charter-revocation proceedings against Youthworks, a nonprofit corporation that operates an open-enrollment charter school under chapter 12, subchapter D of the Texas Education Code. *See In re Texas Educ. Agency*, No. 03-14-00420-CV, 2014 Tex. App. LEXIS 7822 (Tex. App.—Austin July 18, 2014, orig. proceeding); *see also* Tex. Educ. Code §§ 12.101-.136. Youthworks was notified on December 18, 2013 of the Commissioner's decision to revoke its charter effective June 30, 2014 under section 12.115(c), which requires the Commissioner to revoke the charter of any school that,

for three consecutive years, receives unacceptable academic-performance ratings, unsatisfactory "financial accountability" performance ratings, or a combination of the two. *See id.* § 12.115(c)(1-3). Youthworks appealed the Commissioner's revocation decision to SOAH, which has jurisdiction to review the Commissioner's decision to revoke a charter. *See id.* § 12.116(c). Before the scheduled SOAH hearing, Youthworks filed a declaratory-judgment suit against the Commissioner in Travis County district court seeking interpretation of sections of the Education Code that set forth the basis and procedure for mandatory revocation of an open-enrollment charter school's charter after the school fails to meet academic or financial accountability standards for three consecutive years. *See id.* §§ 12.115, 12.116. In addition to the declaratory judgment, Youthworks sought injunctive relief to stay the revocation proceedings pending the outcome of its claims. The district court granted the injunctive relief Youthworks sought, and the Commissioner filed an accelerated appeal from that order. Youthworks then sought and obtained an order denying the Commissioner's supersedeas of the temporary injunction. *See* Tex. Civ. Prac. & Rem. Code § 51.014(b). The Commissioner petitioned for a writ of mandamus, and in accordance with this Court's prior mandamus opinion, the district court vacated its order. *See In re Texas Educ. Agency*, 2014 Tex. App. LEXIS 7822.

While the suit against the Commissioner and the Commissioner's first mandamus were pending, SOAH abated the administrative case on the revocation of Youthworks' charter. SOAH lifted the abatement of the charter-revocation case against Youthworks after the district court vacated its order denying the Commissioner's supersedeas, and SOAH proceeded to set a hearing for August 12, 2014.

The current mandamus petition stems from a new lawsuit, arising from what seem to be the same circumstances, that Youthworks filed against SOAH and two ALJs (collectively, SOAH) seeking a TRO to enjoin the August 12 hearing. SOAH filed a response to Youthworks' application

2

for TRO raising several objections, including the lack of any cause of action pled against SOAH and the absence of TEA as a necessary party to the suit. After a hearing, the district court granted Youthworks' TRO. The Commissioner then filed this petition for writ of mandamus. While this Court was considering the mandamus petition, the district court signed an amended TRO.

## DISCUSSION

To obtain mandamus relief, relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Southwestern Bell Tel. Co., L.P.*, 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding)). We conclude that the Commissioner has made that showing.

The Commissioner's mandamus petition argues that the district court abused its discretion by issuing both of the TROs in the absence of a necessary party, TEA. The Commissioner contends that the TROs directly affect TEA's interests without making it a party, thereby impairing TEA's ability to protect its interest in resolving Youthworks' administrative proceeding expeditiously and prevent Youthworks from "diverting millions of taxpayer dollars to a failing school whose charter is required by law to be revoked." As SOAH pointed out below, the Commissioner's order is the operative instrument at the charter-revocation hearing, SOAH itself has no authority to order a charter school closed or remain open.

The rule on necessary parties is set forth in Texas Rule of Civil Procedure 39(a), which provides in relevant part:

> (a) Persons to Be Joined If Feasible. – A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be

accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest . . . . If he has not been so joined, the court shall order that he be made a party.

Tex. R. Civ. P. 39(a). This Court has concluded that a petition seeking injunctive relief should name as party defendants all those "against whom the injunction must run in order to make it effective and whose interests will be injuriously affected." *Texas Liquor Control Bd. v. Diners' Club, Inc.*, 347 S.W.2d 763, 767 (Tex. Civ. App.—Austin 1961, writ ref'd n.r.e.); *see also Speedman Oil Co. v. Duval Cnty. Ranch Co.*, 504 S.W.2d 923, 926-27 (Tex. Civ. App.—San Antonio 1973, writ ref'd n.r.e.) ("Persons against whom no complaint of wrongdoing is lodged and against whom no injunctive relief is sought are not indispensable parties to a proceeding for temporary injunction.").

We recognize that in other contexts—when maintenance of the status quo is preliminary to a decision on the merits of the case and when a party's rights could be lost before necessary parties can be located and joined—courts have held that a party seeking to preserve its rights need not join all necessary parties before obtaining interim orders. *Compare Littlejohn v. Finder*, 348 S.W.2d 237 (Tex. Civ. App.—San Antonio 1961, no writ) (noting that temporary orders being challenged did not settle any disputes between parties or ultimate rights presented in lawsuit) *and Winslow v. Duval Cnty. Ranch Co.*, 519 S.W.2d 217, 226 (Tex. Civ. App.—Beaumont 1975, writ ref'd n.r.e.) (noting that defendants had been temporarily enjoined for two years during which time plaintiff had presumably been searching for necessary and proper parties who were required to be joined before final trial on merits) *and Hyde v. Ray*, No. 02-03-00339-CV, 2004 Tex. App. LEXIS 5129, at * 8-9, *11 (Tex. App.—Fort Worth June 10, 2004, no pet.) (mem. op.) (rejecting argument that temporary injunction was improperly granted because of failure

to join remaining 184 property owners and members of property owners' association as indispensable parties; injunction was properly directed only to appellants who were before court and whose conduct was solely responsible for appellees' claimed injury) *with Scott v. Graham*, 292 S.W.2d 324, 327 (Tex. 1956) (affirming trial court's denial of injunctive relief where plaintiff failed to join necessary party). Here, however, delay of the SOAH hearing is not preliminary to, but rather the merits of and the complete relief sought by, Youthworks' suit. Further, there is no viable argument that the TROs should have proceeded without joining a necessary party because of time lost in locating and joining TEA. Youthworks is already involved in a lawsuit with TEA on the same underlying charter-revocation matters.[1]

As such, issuance of both TROs was an abuse of the district court's discretion. *See* Tex. R. Civ. P. 683; *In re Office of Attorney Gen.*, 257 S.W.3d 695, 697 (Tex. 2008) (orig. proceeding). Further, the Commissioner has no adequate appellate remedy because TROs are generally not appealable. *See In re Office of Attorney Gen.*, 257 S.W.3d at 697. We conclude that the district court's TROs enjoining Youthworks' August 12, 2014 hearing before SOAH without the joinder of a TEA—a known, readily locatable, and necessary party whose interests will be injuriously affected—was an abuse of the district court's discretion for which the Commissioner lacks an adequate remedy by appeal.[2]

---

[1] Indeed, the Commissioner argues persuasively that this new lawsuit and TROs against SOAH, which involves the same underlying charter-revocation dispute as Youthworks' suit against the Commissioner, is merely Youthworks' attempt to circumvent this Court's previously issued mandamus.

[2] Because this issue is dispositive of the Commissioner's petition for writ of mandamus, we need not reach the alternative bases presented in the petition. *See* Tex. R. App. P. 47.1.

## CONCLUSION

We conditionally grant the Commissioner's petition for writ of mandamus. *See* Tex. R. App. P. 52.8(c). The writ will issue only if the district court fails to vacate the underlying TROs in accordance with this opinion. The Commissioner's emergency motion for temporary relief is dismissed as moot.

 

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Filed:   August 11, 2014

6