**Opinion issued February 24, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-14-00775-CV**

———————————

**IN RE I-10 COLONY, INC., Relators**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION[1]**

In this original proceeding, Relator I-10 Colony, Inc. seeks mandamus relief from the trial court's August 26, 2014 order compelling discovery from a third party bank of information relating to I-10 Colony's bank accounts (the "discovery order"). I-10 Colony argues that the trial court abused its discretion by entering the discovery order in violation of TEX. CIV. PRAC. & REM. CODE § 51.014(b), which

---

[1] The underlying case is *Chao Kuan Lee, Li Yang Lee, and Li Hsiang Chang v. I-10 Colony, Inc. and Henry Wu*, No. 08459, in the 151st District Court of Harris County, the Honorable Mike Engelhart, presiding.

mandated a stay of all proceedings in the trial court as of August 15, 2014, the date on which I-10 Colony appealed the trial court's order denying its motion to dismiss under the Texas Citizen's Participation Act. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.003; 51.014(a)(12), (b) (West 2015). We stayed the discovery order pending the outcome of this proceeding, and we now conditionally grant mandamus relief.

## Background

The underlying action involves a long-running dispute over ownership and distribution of profits of a hotel property. On August 11, 2014, the trial court held an oral hearing on (1) Real Party in Interests' Motion to Compel Third Party Discovery, and (2) I-10 Colony's Motion to Dismiss under Texas Citizen's Participation Act. At that hearing, the trial court orally granted the motion to compel and orally denied the motion to dismiss. With respect to the motion to compel, however, the trial court requested additional information regarding the bank accounts for inclusion in its written order.

Four days later, on August 15, 2014, the trial court entered a written order denying the motion to dismiss. I-10 Colony filed a notice of interlocutory appeal challenging the denial of its motion to dismiss on that same day. Although the real parties in interest filed the additional account information with the trial court on August 15, the trial court did not enter the discovery order that is the subject of this original proceeding until August 26, 2014.

2

**Discussion**

## A.     Standard of Review and Applicable Law

We may issue a writ of mandamus to correct a trial court's clear abuse of discretion or violation of duty imposed by law where no "adequate" remedy by appeal exists. *See In re Prudential Ins. Co. of America,* 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding).  A clear abuse of discretion occurs when the trial court's decision is so arbitrary and capricious that it amounts to clear error. *See id.* We assess the adequacy of an appellate remedy by considering a number of factors and balancing the benefits of mandamus review against the detriments.  *In re State*, 355 S.W.3d 611, 614 (Tex. 2011).

The Civil Practice and Remedies Code provides that if a legal action is based on, relates to, or is in response to a party's exercise of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action. TEX. CIV. PRAC. & REM. CODE § 27.003(a) (West 2015).  Section 51.014(a) of the Civil Practice and Remedies Code permits an appeal from an interlocutory order that denies such a motion to dismiss.  *Id*. § 51.014(a)(12).  And under subsection 51.014(b), an interlocutory appeal under section 51.014(a)(12) "stays the commencement of trial" and "all other proceedings in the trial court" pending resolution of that appeal.  *Id.* § 51.014 (b).

## B.     Abuse of Discretion

3

I-10 Colony argues that the trial court clearly abused its discretion by entering the written discovery order *after* I-10 Colony filed its notice of appeal and invoked section 51.014(b)'s automatic stay. The real parties in interest respond that the trial court made its oral ruling granting the motion to compel on August 11, *before* I-10 Colony filed its notice of appeal; therefore, their argument goes, the trial court's entry of the written discovery order *after* the automatic stay was triggered was merely ministerial and not an abuse of discretion.

Regardless of the effect of the trial court's August 11, 2014 oral ruling, it is undisputed that the trial court entered the written discovery order after I-10 Colony filed its notice of interlocutory appeal and triggered the automatic stay under section 51.014(b). Indeed, I-10 Colony notice of appeal, which was file-stamped by the district clerk on August 15, mentioned that the case "is now stayed" pursuant to Section 51.014(b) pending resolution of the appeal. Section 51.014(b) creates a bright line rule, staying "the commencement of a trial" and "all other proceedings in the trial court" pending resolution of the interlocutory appeal. *Id.* § 51.014 (b). We therefore conclude that the trial court's entry of the written discovery order on August 26 violated section 51.014(b) and was a clear abuse of discretion. *See In re Bliss & Glennon, Inc.*, No. 01-13-00320-CV, 2014 WL 50831, at *2-3 (Tex. App.—Houston [1st Dist.], January 7, 2014, orig. proceeding) (entry of severance order in violation of section 51.014 stay was an abuse of

4

discretion); *In re Texas Educ. Agency*, No. 03-14-00420-CV, 2014 WL 3558851, at \*3 (Tex. App.—Austin, July 18, 2014, orig. proceeding) (conducting hearings and signing orders was an abuse of the district court's discretion because it violated the automatic stay of section 51.014).

**No adequate remedy**

Having found an abuse of discretion, we must consider whether I-10 Colony lacks an adequate remedy in the absence of mandamus relief. Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of costs and benefits of interlocutory review. *In re Prudential*, 148 S.W.3d at 136.

Here, real parties in interest argue that I-10 Colony did have an adequate appellate remedy, because it could have sought review of the trial court's entry of the discovery order by filing a motion under TRAP 29.6 in the pending interlocutory appeal instead of filing this original proceeding. *See* TEX. R. APP. PRO. 29.6 (noting that, while an appeal from an interlocutory order is pending, on a party's motion or on the appellate court's own initiative, the appellate court may review any interlocutory order that interferes with or impairs the effectiveness of the relief sought or that may be granted on appeal). The legislature, by amending section 51.014(b) to provide for an automatic stay pending an interlocutory appeal from the denial of a motion to dismiss under Section 27.003, has already carefully

5

balanced the benefits and detriments of staying not only trials but also "all proceedings" in the trial court while an appellate court reviews a denial of a motion under section 27.003. Its decisions to permit an interlocutory appeal and mandate a stay of "all proceedings" pending such an appeal indicates that it found the benefits of interlocutory review of such an order strong enough to outweigh the delay in trial court proceedings, including discovery, that are occasioned by interlocutory review.

We agree that, in this case, the benefit of enforcing the automatic stay by mandamus outweighs the detriment of doing so. If the financial information that is the subject of the discovery order were to be disclosed while the interlocutory appeal is pending and I-10 Colony was to later succeed in the interlocutory appeal, then I-10 Colony's financial information will have been disclosed needlessly and the effectiveness of the relief sought on appeal will have been impaired. While I-10 Colony could have attempted to correct the trial court's error by a motion under TRAP 29.6, the existence of that potential remedy—which may very well be obtained simultaneously with the appellate court's resolution of the interlocutory appeal (i.e., too late to correct the trial court's error)—does not persuade us that mandamus is unjustified in this instance. *See In re Prudential*, 148 S.W.3d at 136; *In re Bliss*, 2014 WL 50831 at *4 (no adequate remedy by appeal from severance

in violation of the automatic stay; mandamus relief protects appellate jurisdiction over interlocutory appeal).

## Conclusion

We conditionally grant relator's mandamus petition. We direct the trial court to vacate its August 26, 2014 Order on Defendant's Motion, which denied I-10 Colony's Motion for Protection, granted real party in interests' Motion to Compel Third Party Discovery, ordered I-10 Colony to pay sanctions and ordered MetroBank, N.A. n/k/a EastWest Bank, N.A. to answer a deposition on written questions and produce responsive documents. We are confident the trial court will comply, and our writ will issue only if it does not.


Rebeca Huddle
Justice

Panel consists of Justices Jennings, Higley, and Huddle.