COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON JOINT EMERGENCY MOTION

| | |
|---|---|
| Appellate case name: | Gregory Sullo and Brian Zimmerman v. Felix Michael Kubosh a/k/a Kubosh Bail Bonding and Paul Kubosh a/k/a Kubosh Law Office |
| Appellate case number: | 01-18-00418-CV |
| Trial court case number: | 2013-50819 |
| Trial court: | 333rd District Court of Harris County |

Appellants, Gregory Sullo and Brian Zimmerman, and appellees/cross-appellants, Felix Michael Kubosh a/k/a Kubosh Bail Bonding, and Paul Kubosh a/k/a Kubosh Law Office, have filed a "Joint Emergency Motion by All Parties to Confirm the Scope of the Automatic Stay or, Alternatively, Temporarily Lift the Automatic Stay" (hereinafter, the "Joint Emergency Motion"). The Joint Emergency Motion seeks confirmation that the automatic stay, imposed by Section 51.014(b) following the parties' interlocutory appeals from the trial court's denial of their motions to dismiss under the Texas Citizens Participation Act (the "TCPA"), tolls the June 11, 2018 hearing set by Brandon Nash, a third party, for another TCPA motion to dismiss, and stays all other trial court proceedings pending this Court's resolution of their appeals. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.008(a), 51.014(a)(12), (b) (West 2014); TEX. R. APP. P. 29.3. In the alternative, should this Court decide that the stay does not toll the TCPA deadlines, the parties seek to temporarily lift the stay for the trial court to hear and rule upon Nash's TCPA motion.

The automatic stay imposed by section 51.014(b) creates a bright line rule, staying "the commencement of a trial" for most interlocutory appeals under section 51.014(a), and it "also stays all other proceedings in the trial court" pending resolution of any interlocutory appeal filed under section 51.014(a)(12), as here. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12), (b); *In re I-10 Colony, Inc.*, No. 01-14-00775-CV, 2014 WL 7914874, at *2 (Tex. App.—Houston [1st Dist.] Feb. 24, 2014, orig. proceeding) (mem. op.) (granting mandamus petition to direct trial court to vacate order compelling

discovery entered in violation of section 51.014(b) automatic stay); *see also Craig v. Tejas Promotions, LLC*, No. 03-16-00611-CV, 2016 WL 4980505, at *1 (Tex. App.—Austin Sept. 15, 2016, order) (granting motion to stay all trial court proceedings pending resolution of interlocutory appeal, filed under section 51.014(a)(12), challenging denial of TCPA motion to dismiss because section 51.014(b) automatic stay was statutory and allowed no room for discretion). If the trial court holds a hearing or enters an order after the automatic stay has been imposed, that would be a violation of section 51.014(b) and a clear abuse of discretion. *See In re Bliss & Glennon, Inc.*, No. 01-13-00320-CV, 2014 WL 50831, at *2–3 (Tex. App.—Houston [1st Dist.] Jan. 7, 2014, orig. proceeding) (granting mandamus petition because trial court's entry of severance order in violation of section 51.014 stay was abuse of discretion); *see also In re Tex. Educ. Agency*, 441 S.W.3d 747, 750 (Tex. App.—Austin 2014, orig. proceeding) (granting mandamus petition because district court's conducting hearings and signing orders was abuse of discretion since it violated automatic stay of section 51.014(b)).

Accordingly, the Court **grants** the Joint Emergency Motion and **orders** the trial court to **stay the June 11, 2018 hearing** and all other trial-court proceedings, pending this Court's resolution of the interlocutory appeals. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12), (b); TEX. R. APP. P. 29.3 ("When an appeal from an interlocutory order is perfected, the appellate court may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal and may require appropriate security."); *see also In re I-10 Colony, Inc.*, 2014 WL 7914874, at *2.

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes
☑ Acting individually    ☐ Acting for the Court
Date: June 7, 2018