# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00691-CV

**Superior HealthPlan, Inc. and William Brendle Glomb, MD, Appellants**

**v.**

**Linda Badawo, Individually, and as Next Friend of D. B. (formerly known as D. M.), a Minor, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-GN-18-003168, HONORABLE DON R. BURGESS, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

Appellants filed this interlocutory appeal challenging the trial court's order denying their motion to dismiss under the Texas Citizens' Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(12) (authorizing interlocutory appeal of order denying motion to dismiss under TCPA). Appellee Linda Badawo has filed a "Motion for Temporary Orders" asking this Court to lift the automatic stay imposed by Section 51.014(b) of the Civil Practice and Remedies Code and permit the trial court to consider her pending motions.[1] *See id.* § 51.014(b) (providing that interlocutory appeal under Subsection 51.014(a)(12) stays commencement of trial and "all other

---

[1] Badawo has filed motions to: (1) impose sanctions on appellants under the TCPA, (2) dismiss appellants' notice of appeal under the TCPA, (3) compel appellants to respond to discovery, and (4) sanction appellants and their counsel under Rule 13 of the Rules of Civil Procedure or Chapter 10 of the Civil Practice and Remedies Code.

proceedings in the trial court"); *see also* Tex. R. App. P. 29.3 (permitting appellate courts to "make any temporary orders necessary to preserve the parties' rights until disposition of the appeal"). However, the "stay set forth in section 51.014 is statutory and allows no room for discretion." *In re Texas Educ. Agency*, 441 S.W.3d 747, 750 (Tex. App.—Austin 2014, orig. proceeding) (quoting *Sheinfeld, Maley & Kay, P.C. v. Bellush*, 61 S.W.3d 437, 439 (Tex. App.—San Antonio 2001, no pet.)). We accordingly deny Badawo's motion for temporary orders.[2] *See Craig v. Tejas Promotions, LLC*, No. 03-16-00611-CV, 2016 WL 4980505, at *1 (Tex. App.—Austin Sept. 15, 2016, order) (per curiam), *disp. on merits*, 550 S.W.3d 287 (Tex. App.—Austin 2018, pet. filed) (stating that section 51.014(b) "compelled" this Court to grant motion staying all trial-court proceedings pending resolution of appeal under Section 51.014(a)(12)).

It is so ordered on December 21, 2018.

Before Justices Puryear, Goodwin, and Bourland

---

[2] In the alternative, Badawo requests in her motion that this Court dismiss appellants' appeal under Rule 45 of the Rules of Appellate Procedure. Rule 45 authorizes this Court to "award each prevailing party just damages" if we determine that an appeal is frivolous, but it does not contemplate dismissal of the appeal itself. *See* Tex. R. App. P. 45; *see also id.* R. 42.3 ("Involuntary Dismissal in Civil Cases"). We deny Badawo's request for appellate sanctions at this juncture.