

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00002-CV

THE STATE OF TEXAS AND JERRY PATTERSON AS COMMISSIONER
OF THE GENERAL LAND OFFICE OF THE STATE OF TEXAS,
AND COMMISSIONER GEORGE P. BUSH, APPELLANTS

V.

JIMMY GLEN RIEMER, RICHARD COON, JR., JUNE MEETZE COON
TRUST, HAP JOHNSON REALTY CO., LLC, AND W.R. EDWARDS, JR.
D/B/A W.R. EDWARDS, JR. OIL AND GAS, ET AL., APPELLEES

On Appeal from the 84th District Court
Hutchinson County, Texas
Trial Court No. 30,441-B, Honorable Curt Brancheau, Presiding

February 15, 2019

ORDER

Before CAMPBELL and PIRTLE and PARKER, JJ.

In this interlocutory appeal, appellants the State of Texas, the General Land Office of the State of Texas, George P. Bush, Commissioner, and former commissioner Jerry Patterson (hereinafter collectively "GLO") challenge the trial court's order denying their plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2018) (permitting the interlocutory appeal of an order granting or denying a governmental

unit's plea to the jurisdiction). The dispute in the underlying lawsuit primarily concerns the boundary between the State-owned riverbed of the Canadian River in Hutchinson County and the riparian surface and mineral interests of appellees Jimmy Glen Riemer, *et al*. Because of the pendency of the interlocutory appeal all proceedings in the trial court are stayed. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b) (interlocutory appeal under subsection 51.014(a)(8) stays commencement of trial and "all other proceedings in the trial court").

Appellees have filed a motion asking us to modify the stay of proceedings in the trial court so they may seek that court's appointment of a receiver to manage the disputed property and oppose the Texas Railroad Commission's effort to plug abandoned oil and gas wells on the property. The GLO responded in opposition to appellees' motion, pointing out the Railroad Commission is not a party to the underlying suit, and contending resolution of the riverbed-ownership dispute has no bearing on the Railroad Commission's legal obligation to plug inactive or abandoned wells; appellees' motion to modify the stay is an improper collateral attack on a Railroad Commission order; and a challenge of the Railroad Commission's plugging operations must be pursued according to rules and statutes governing plugging. In their reply to the GLO's response, appellees emphasize their request for appointment of a receiver to "operate the wells and thereby remove them from the inactive status that triggered the intended plugging." They deny their motion is a collateral attack on a Railroad Commission order but even were that correct, they continue, the trial court should have the opportunity to appoint a receiver to operate the wells. Appellees further assert that by joining the Railroad Commission, if

2

necessary, all issues can be addressed jointly and it is in the best interest of the GLO and appellees to avoid expending public funds for plugging the wells.

The statutory stay of section 51.014(c) arises automatically and is absolute. *Superior HealthPlan, Inc. v. Badawo*, No. 03-18-00691-CV, 2018 Tex. App. LEXIS 10797 (Tex. App.—Austin Dec. 21, 2018, per curiam order). A trial court has no discretion to ignore its effect. *In re Texas Educ. Agency,* 441 S.W.3d 747, 750 (Tex. App.—Austin 2014, orig. proceeding). Appellate Rule 29.3 grants an appellate court discretion to make temporary orders necessary to preserve the parties' rights until disposition of the appeal. *See* TEX. R. APP. P. 29.3; *see also City of Sealy v. Town Park Ctr.*, No. 01-17-00127-CV, 2017 Tex. App. LEXIS 8106, at *2 n.1, *5 (Tex. App.—Houston [1st Dist.] Aug. 24, 2017, no pet.). And in one instance we exercised our discretion to modify the stay for the limited purpose of allowing the continued operation of a temporary order of the trial court authorizing a court-appointed master to review bills and submit them to the trial court for final approval and payment. *State v. Signal Drilling, LLC*, No. 07-17-00412-CV, 2018 Tex. App. LEXIS 727 (Tex. App.—Amarillo Jan. 23, 2018, per curiam order); *compare Bishop v. City of Austin*, No. 03-16-00580-CV, 2016 Tex. App. LEXIS 13920, at *1 (Tex. App.—Austin Sep. 20, 2016, per curiam order) (modifying the stay on a joint motion for the limited purpose of allowing the trial court to sign confidentiality orders) *with Badawo*, 2018 Tex. App. LEXIS 10797 (refusing to modify the stay so that appellee could pursue motions to sanction appellants and their counsel; dismiss their notice of appeal; and compel discovery responses). The modification of the stay appellees seek here dramatically exceeds that we authorized in *Signal Drilling,* where we merely lifted the stay to permit continued compliance with a trial court order made prior to the interlocutory

appeal.  *Signal Drilling,* 2018 Tex. App. LEXIS 727, at *2.  Appellees seek to expand the litigation in the trial court by pursuing appointment of a receiver, and by seeking relief that would require joining the Railroad Commission as a party to oppose its proposed plugging operations.  Accordingly, in light of the facts and law discussed, we deny appellees' motion to modify the stay.

It is so ordered.

Per Curiam