**Order filed June 20, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-19-00152-CV

_____

## BORDERLINE MANAGEMENT, LLC, Appellant

## V.

## SUZANN RUFF, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. C46164-1**

### O R D E R

Suzann Ruff sued her son, Michael A. Ruff, and a number of entities, including Borderline Management, LLC (Borderline). Suzann alleges that Michael created these entities to hide assets that he had misappropriated from Suzann. Borderline filed a motion to dismiss the claims against it pursuant to the Texas Citizens Participation Act (the TCPA), and Suzann filed a motion to sever the claims against Borderline from the claims against the other defendants.

On May 5, 2019, at 8:32 a.m., the trial court sent an e-mail to counsel making general findings to the effect that Borderline's motion to dismiss was untimely and that Borderline failed to establish its right to dismissal under the TCPA. The trial court denied Borderline's motion to dismiss, awarded Suzann's attorney fees, and requested that Suzann's counsel prepare an order as well as findings of fact and conclusions of law. On May 5, 2019, at 8:37 a.m., the trial court sent a second e-mail to counsel granting Suzann's motion to sever and making no further requests of counsel. At 12:00 a.m. on May 6, 2019, Borderline filed a notice of interlocutory appeal from the trial court's denial of the TCPA motion to dismiss. The trial court signed an order on May 8, 2019, that denied the motion to dismiss, awarded Suzann attorney's fees incurred in responding to the motion to dismiss, and severed Suzann's claims against the other defendants.

Borderline has filed a "Motion for Clarification of Stay" in this court. In the motion, Borderline requests that we determine that the trial court's severance of Suzann's claims against the other defendants violated the automatic stay of all trial court proceedings imposed by Section 51.014(b) of the Texas Civil Practice and Remedies Code for an appeal of the denial of a TCPA motion to dismiss.

The Civil Practice and Remedies Code allows a party to bring an interlocutory appeal from the trial court's denial of a TCPA motion to dismiss. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1) (West Supp. 2018). The interlocutory appeal "stays all other proceedings in the trial court pending resolution of that appeal." *Id.* § 54.014(b). "[T]he stay set forth in section 51.014 is statutory and allows no room for discretion." *In re Tex. Educ. Agency*, 441 S.W.3d 747, 750 (Tex. App.—Austin 2014, orig. proceeding) (alteration in original) (quoting *Sheinfeld, Maley & Kay, P.C. v. Bellush*, 61 S.W.3d 437, 439 (Tex. App.—San Antonio 2001, no pet.)); *see also Craig v. Tejas Promotions, LLC*, 550 S.W.3d 287, 293 & n.22 (Tex. App.—Austin 2018, pet. filed) (noting that filing of notice of appeal from denial of TCPA

motion to dismiss triggered an automatic statutory stay of all trial-level proceedings in their then-existing state).  The automatic stay, however, does not take effect until the interlocutory appeal is filed.  *See* CIV. PRAC. & REM. § 51.014(b); *Swanson v. Town of Shady Shores*, No. 02-15-00351-CV, 2016 WL 4395779, at \*4–5 (Tex. App.—Fort Worth Aug. 18, 2016, orig. proceeding) (mem. op.) (noting automatic stay was triggered by filing of notice of interlocutory appeal).

The trial court's e-mail regarding Suzann's motion to sever stated, in present tense language, that the motion was granted and did not contain a directive for counsel to prepare an order.  Further, the e-mail bears a "FILED" mark from the district clerk's office.  Accordingly, the trial court arguably granted Suzann's motion to sever on May 5, 2019.  *See Tex. Dep't of Criminal Justice v. Avellaneda*, No. 11-05-00414-CV, 2006 WL 1172253, at \*2 (Tex. App.—Eastland May 4, 2006, no pet.) (mem. op.).

The trial court's e-mail denying Borderline's motion to dismiss, however, directed Suzann's attorney to prepare an order, indicating that the trial court did not intend for the e-mail to be the operative order as to Borderline's motion to dismiss. *See Perdue v. Patten Corp.*, 142 S.W.3d 596, 602 n.8 (Tex. App.—Austin 2004, no pet.).  Therefore, the May 6, 2019 notice of appeal filed by Borderline from the denial of the motion to dismiss was premature.  Borderline's premature notice of appeal became effective, and was deemed filed, on May 8, 2019, after the trial court signed the written order denying Borderline's motion to dismiss and granting Suzann's motion to sever.  *See* TEX. R. APP. P. 27.1(a).

Regardless of whether the trial court first granted Suzann's motion to sever in the May 5, 2019 e-mail or in the May 8, 2019 order, it did so before the automatic stay became effective.  *See Martin v. Bravenec*, No. 04-14-00483-CV, 2015 WL 2255139, at \*4–5 (Tex. App.—San Antonio May 13, 2015, pet. denied) (mem. op.) (concluding that premature notice of appeal of order denying TCPA motion to

dismiss did not become effective until after written order was signed and, therefore, automatic stay did not deprive trial court of jurisdiction to simultaneously grant temporary injunction and deny motion to dismiss).

We deny Borderline's motion for clarification because the trial court did not sign an order granting Suzann's motion to sever after the automatic stay under Section 51.014(b) of the Civil Practice and Remedies Code became effective. *See Swanson*, 2016 WL 4395779, at *4. In doing so, we express no opinion on Borderline's arguments that the severance was improper or that the trial court abused its discretion by including a ruling on Suzann's motion to sever in the same order in which it denied Borderline's motion to dismiss.

PER CURIAM

June 20, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.