**Opinion filed March 26, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00027-CV

_____

## IN RE KINDER MORGAN PRODUCTION COMPANY, LLC

### Original Mandamus Proceeding

## M E M O R A N D U M   O P I N I O N

Relator, Kinder Morgan Production Company, LLC (KMPC), filed this original petition for writ of mandamus in which it requests that we instruct the Honorable Ernie B. Armstrong, District Judge of the 132nd District Court of Scurry County, to vacate an order entered on January 10, 2020, in Cause No. 26723. In the order, Judge Armstrong consolidated Cause No. 26723 with Cause Nos. 26387 and 26719 for purposes of discovery. We conditionally grant the petition for writ of mandamus.

### Background

This original proceeding encompasses three cases that involve disputes over the value of mineral interests in Scurry County for ad valorem tax purposes.

In the first case, Scurry County, Snyder Independent School District, Scurry County Junior College District d/b/a Western Texas College, and Scurry County Hospital District d/b/a Cogdell Memorial Hospital (collectively, the Taxing Units) each filed a challenge with the Scurry County Appraisal Review Board (the ARB) to contest the 2013 through 2018 appraised values of the mineral interests of Kinder Morgan SACROC, LP; Kinder Morgan CO2 Co., LP; Kinder Morgan Production Co., LP; and KMPC (collectively, Kinder Morgan). The ARB denied the challenges, and the Taxing Units requested judicial review of that ruling in Cause No. 26387 (the 2018 Appraisal Case).

Kinder Morgan filed a motion to dismiss the Taxing Units' claims pursuant to the Texas Citizens Participation Act (the TCPA).[1] Judge Armstrong denied the motion to dismiss, and on March 18, 2019, Kinder Morgan filed an interlocutory appeal from Judge Armstrong's order. The notice of appeal automatically stayed all trial-court proceedings in the 2018 Appraisal Case pending resolution of the interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12), (b) (West Supp. 2019). We affirmed Judge Armstrong's order on November 7, 2019. *See Kinder Morgan SACROC, LP v. Scurry Cty.*, 589 S.W.3d 889 (Tex. App.— Eastland 2019, pet. filed). Kinder Morgan filed a petition for review with the Texas Supreme Court on December 20, 2019.

In the second case, the Taxing Units filed challenges with the ARB to contest the 2019 appraised value of Kinder Morgan's mineral interests. The ARB denied the challenges, and on September 12, 2019, the Taxing Units requested judicial

---

[1]The Texas legislature amended the TCPA effective September 1, 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–9, 12 (HB 2730) (codified at TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001, .003, .005–.007, .0075, .009–.010 (West Supp. 2019)). Because the 2018 Appraisal Case was filed prior to September 1, 2019, the law in effect before that date applies to that case. *See id.* §§ 11–12; *see also* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961–64, amended by Act of May 24, 2013, 83d Leg., R.S., ch. 1042, 2013 Tex. Gen. Laws 2499–2500.

review of that ruling in Cause No. 26719 (the 2019 Appraisal Case).[2]  Kinder Morgan filed a motion to dismiss the Taxing Units' claims pursuant to the TCPA.[3]

Finally, in the third case, KMPC protested the Appraisal District's 2019 valuation of the mineral interests to the ARB.  The ARB adopted the value set by the Appraisal District.  On September 20, 2019, KMPC filed Cause No. 26723 against the Appraisal District and requested that Judge Armstrong determine the 2019 value of the mineral interests (the 2019 Protest Case).

The Appraisal District filed a motion to consolidate the three cases.  KMPC objected that the consolidation of the 2018 and 2019 Appraisal Cases with the 2019 Protest Case was prohibited by Section 42.031(b) of the Tax Code,[4] that KMPC's appeal of the 2019 appraised value of the mineral interests deprived Judge Armstrong of jurisdiction over the 2019 Appraisal Case, and that the 2018 Appraisal Case was stayed due to the interlocutory appeal.

On December 2, 2019, Judge Armstrong held a hearing on the Appraisal District's motion to consolidate and on the Taxing Units' motion to strike Kinder Morgan's motion to dismiss in the 2019 Appraisal Case.  Judge Armstrong orally ruled that the three cases would not be consolidated, "but the discovery is going to

---

[2]As relevant here, the Taxing Units named as defendants in the 2019 Appraisal Case KMPC, individually and as successor in interest to Kinder Morgan Production Co., LP, and Kinder Morgan CO2 Co., LP, individually and as successor in interest to Kinder Morgan SACROC, LP.  Although the alleged corporate structure has changed, we continue to refer to these entities, collectively, as "Kinder Morgan."

[3]The 2019 Appraisal Case was filed after September 1, 2019, and the September 1, 2019 amendments to the TCPA apply to that case.  *See* Act of May 17, 2019, §§ 11–12; *see also* CIV. PRAC. & REM. §§ 27.001–.011 (West 2015 & Supp. 2019).

[4]Section 42.031(b) of the Tax Code provides:

> A taxing unit may not intervene in or in any other manner be made a party, whether as defendant or otherwise, to an appeal of an order of the appraisal review board determining a taxpayer protest under Subchapter C, Chapter 41, if the appeal was brought by the property owner.

TEX. TAX CODE ANN. § 42.031(b) (West 2015) (footnote omitted).

3

go together, and we're going to proceed with our discovery together." Judge Armstrong indicated that he was "not sure how best to word" an order on the consolidation and instructed the Appraisal District's attorney to submit a proposed order to the parties in all three cases.

Judge Armstrong also orally ruled that the TCPA did not apply to the Taxing Units' claims in the 2019 Appraisal Case. On December 11, Judge Armstrong signed an order in which he granted, in part, the Taxing Units' motion to strike and denied the motion to dismiss. Kinder Morgan filed a notice of interlocutory appeal on January 7, 2020.[5] *See Kinder Morgan SACROC, LP v. Scurry Cty.*, No. 11-20-00009-CV, available at www.search.txcourts.gov/Case.aspx?cn=11-20-00009-CV&coa=coa11. The interlocutory appeal stayed all trial-court proceedings in the 2019 Appraisal Case pending resolution of the appeal. *See* CIV. PRAC. & REM. § 51.014(a)(12), (b).

Judge Armstrong held a scheduling conference in all three cases on January 10, 2020. Kinder Morgan, the Taxing Units, and the Appraisal District all agreed that the 2018 and 2019 Appraisal Cases were subject to the automatic stay. Judge Armstrong stated that he had ruled at the December 2 hearing that discovery would be conducted in all three cases, that it was a ministerial act to sign an order that reflected the ruling, and that he would sign an order that consolidated the cases for discovery. In an order captioned with all three cases, Judge Armstrong ruled that discovery in the three cases "shall be conducted jointly and simultaneously, and with notice and service of all discovery (notices, depositions requests, and responses) as between any parties to also be served on all counsel in each of the three causes."

---

[5]Kinder Morgan also filed a motion to extend time to file the notice of appeal on grounds that it had not received timely notice of the December 11, 2019 order. We granted the motion to extend time on January 16, 2020, and deemed Kinder Morgan's notice of appeal filed as of January 8, 2020.

Kinder Morgan objected that the Taxing Units could not participate in discovery while the 2018 and 2019 Appraisal Cases were on appeal. Judge Armstrong responded, "The order says they do."

In this petition for writ of mandamus, KMPC argues that Judge Armstrong abused his discretion when he signed the January 10 order because the Tax Code mandates that a taxing unit may not participate in a taxpayer's appeal of an order of an appraisal review board and because the 2018 and 2019 Appraisal Cases are stayed pursuant to Section 51.014(b) of the Civil Practice and Remedies Code. KMPC also contends that it is entitled to relief by mandamus because it does not have a right to appeal the January 10 order. In its reply brief, KMPC suggests that we delay any decision in this original proceeding until we resolve a jurisdictional issue raised in the interlocutory appeal in the 2019 Appraisal Case.

The Appraisal District did not file a response to the petition for writ of mandamus. The Taxing Units filed a response in which they assert that Judge Armstrong did not abuse his discretion when he signed the January 10 order because neither Section 42.031 of the Tax Code nor the automatic stay provision in Section 51.014(b) of the Civil Practice and Remedies Code prohibits the consolidation of the cases for purposes of discovery. The Taxing Units specifically assert that the January 10 order did not violate Section 42.031(b) of the Tax Code because the order did not make the Taxing Units parties to the taxpayer protest case and that a construction of the statute that prohibits the consolidation of discovery in a taxpayer protest and a taxing unit challenge over the same property "would result in an absurd and nonsensical result, with needless unnecessary costs and delay." The Taxing Units also argue that the consolidation of the three cases for purposes of discovery did not violate the automatic stay (1) because the stay applies only to "the commencement of trial and other proceedings, meaning hearings and rulings," and

5

does not prohibit joint discovery and (2) because the reduction to writing of Judge Armstrong's December 2 oral ruling was merely a ministerial act.

*Analysis*

KMPC first suggests that we delay consideration of this original proceeding until we resolve a jurisdictional issue raised in the interlocutory appeal in the 2019 Appraisal Case. In that appeal, Kinder Morgan argues that the Taxing Units' attorney was hired without authority; that, because the Taxing Units' attorney does not have authority, all his actions, including the filing of the appeal of the ARB order, are void; and that, because the Taxing Units did not timely appeal the ARB order, neither Judge Armstrong nor this court has jurisdiction over the Taxing Units' claims. This original petition, however, was filed only in the 2019 Protest Case. The Taxing Units are not parties to the 2019 Protest Case, and whether the Taxing Units' attorney has authority in the 2019 Appraisal Case does not impact Judge Armstrong's jurisdiction over the 2019 Protest Case or this court's jurisdiction over this original proceeding. We, therefore, decline to delay the resolution of this original proceeding.

Mandamus is an extraordinary remedy and is warranted only when the trial court clearly abuses its discretion and the relator has no other adequate remedy. *In re Murrin Bros. 1885, Ltd.*, No. 18-0737, 2019 WL 6971663, at *2 (Tex. Dec. 20, 2019) (orig. proceeding). A trial court abuses its discretion when its ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *In re Geomet Recycling LLC*, 578 S.W.3d 82, 91 (Tex. 2019) (orig. proceeding) (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)).

6

Both the current and former versions of the TCPA authorize an interlocutory appeal from an order in which a trial court denies a motion to dismiss. *See* Civ. Prac. & Rem. § 27.008(a); Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961, 963 (codified at Civ. Prac. & Rem. § 27.008(a)). The interlocutory appeal stays the commencement of trial and "all other proceedings in the trial court" pending resolution of that appeal. Civ. Prac. & Rem. § 51.014(a)(12), (b).

The statutory stay is mandatory, *Geomet*, 578 S.W.3d at 87 n.1,[6] and allows no room for discretion by the trial court, *In re Univ. of the Incarnate Word*, 469 S.W.3d 255, 259 (Tex. App—San Antonio 2015, orig. proceeding). All proceedings, including discovery, are stayed pending the resolution of the interlocutory appeal. *Geomet*, 578 S.W.3d at 87 (Section 51.014(b), which stays "*all* other proceedings in the trial court," "creates a clear and definite rule, and its text admits of no exceptions to that rule."); *In re Roser*, No. 14-16-00065-CV, 2016 WL 2605686, at *1 (Tex. App.—Houston [14th Dist.] May 5, 2016, orig. proceeding) (per curiam) (mem. op.) (holding that interlocutory appeal from the denial by operation of law of a motion to dismiss pursuant to the TCPA stayed "[t]he trial court's proceedings, including all discovery," pending resolution of the appeal).

A trial court abuses its discretion when it conducts hearings and signs orders in violation of the stay of all proceedings in the trial court. *Univ. of the Incarnate Word*, 469 S.W.3d at 259; *In re Tex. Educ. Agency*, 441 S.W.3d 747, 750 (Tex. App.—Austin 2014, orig. proceeding) ("Conducting hearings and signing the challenged orders denying supersedeas was an abuse of the district court's discretion

---

[6]Because the application of the stay may be waived by agreement of the parties, trial court actions taken in violation of the stay are voidable, rather than void. *Geomet*, 578 S.W.3d at 87 n.1 (citing *Roccaforte v. Jefferson Cty.*, 341 S.W.3d 919, 923 (Tex. 2011)). The Taxing Units do not argue, and the record does not reflect, that KMPC waived the application of the automatic stay.

because it violated the automatic stay of 'all other proceedings in the trial court' under section 51.014(b)."). Even if it considers the act of signing an order to be ministerial in nature, a trial court does not have discretion to sign the order after all proceedings in the case are stayed under Section 51.014(b). *In re I-10 Colony, Inc.*, No. 01-14-00775-CV, 2014 WL 7914874, at *2 (Tex. App.—Houston [1st Dist.] Feb. 24, 2014, orig. proceeding) (mem. op.) (holding that, even though the trial court made an oral ruling on a motion for discovery prior to the imposition of the automatic stay, the trial court abused its discretion when it signed an order after the imposition of the stay that reflected the prior oral ruling).

On January 10, 2020, all trial-court proceedings in both the 2018 and 2019 Appraisal Cases were stayed pending the resolution of the interlocutory appeal in each case. Judge Armstrong, therefore, had no discretion to sign an order that authorized the Taxing Units to conduct discovery in the 2018 and 2019 Appraisal Cases. *See Geomet*, 578 S.W.3d at 91–92; *Univ. of the Incarnate Word*, 469 S.W.3d at 259 (concluding that the trial court abused its discretion when it signed an order in which it compelled discovery responses while the case was subject to automatic stay).[7] Further, because Judge Armstrong's order effectively deprived KMPC of its right to an automatic stay in the 2018 and 2019 Appraisal Cases, KMPC has no adequate remedy by appeal. *See Geomet*, 578 S.W.3d at 92; *Univ. of the Incarnate Word*, 469 S.W.3d at 259 (The statutory right to an automatic stay, "once violated, cannot be recovered by appeal.").

---

[7]Because we have held that Judge Armstrong abused his discretion when he signed the January 10 order in violation of the automatic stay, we need not consider whether the order also violated Section 42.031 of the Tax Code. *See* TEX. R. APP. P. 47.1, 52.8(d).

*This Court's Ruling*

We conditionally grant KMPC's petition for writ of mandamus. A writ of mandamus will issue only if Judge Armstrong does not vacate the January 10, 2020 order by April 6, 2020.

KEITH STRETCHER
JUSTICE

March 26, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[8]

Willson, J., not participating.

---

[8]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.