# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00245-CV

---

### In re Christopher F. Bertucci, Executor, Estate of Anthony R. Bertucci

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

### O P I N I O N

In this original proceeding, Christopher Bertucci seeks mandamus relief from the probate court's denial of his motion to exclude the court appointed auditor's report based on his exceptions to the report—which he alleges were timely because the report was not verified when initially filed—and from the probate court's ruling that the auditor's report "is conclusive as to the accounts stated therein." *See* Tex. R. Civ. P. 172 (providing procedure for appointing auditor, requiring auditor's report to be verified, and establishing deadlines for exceptions to report); Tex. R. Evid. 706 (requiring admission of verified rule 172 report and permitting evidence supporting exceptions contradicting report "[i]f a party files exceptions to the report"). After receiving Bertucci's petition, we requested a response from Eugene Watkins, Jr. Because Bertucci failed to meet his burden to show that he did not have an adequate appellate remedy, we deny his petition for mandamus without addressing whether the probate court abused its discretion. *See In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam) (noting that to establish right to mandamus, relator must show both that trial court abused its discretion and that no adequate appellate remedy exists).

"As an extraordinary remedy, mandamus is available only in limited circumstances"—i.e., "'only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies.'" *City of Houston v. Houston Mun. Employees Pension Sys.*, 549 S.W.3d 566, 580 (Tex. 2018) (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). Mandamus can correct clear error in exceptional cases, but we must be mindful that the benefits of mandamus review are easily lost by overuse. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). Mandamus review may unduly interfere with trial court proceedings, distract appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and add unproductively to the expense and delay of civil litigation. *Id.*

To merit mandamus review, the relator must establish that there is "no adequate remedy by appeal." *Id.* at 135–36. The word "adequate" is "a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts" and "whether an appellate remedy is 'adequate' so as to preclude mandamus review depends heavily on the circumstances presented and is better guided by general principles than by simple rules." *Id.* at 136–37. *Prudential* instructs us to consider three primary "jurisprudential considerations" that may weigh in favor of "mandamus review of significant rulings in exceptional cases": (1) is mandamus review "essential to preserve important substantive and procedural rights from impairment or loss," (2) does it "allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments," and (3) does it "spare private parties and the public the time and money utterly wasted enduring eventual reversal of

improperly conducted proceedings." *Id.* at 136. Bertucci relies primarily on the first *Prudential* consideration, which we consider after evaluating the second and third *Prudential* considerations.

Mandamus review in this case would not provide "needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *Id.* Bertucci effectively admits that the ability to provide guidance is available on appeal, noting that "[p]reviously reported decisions addressing the legal effect of unverified audit reports have arisen on appeal rather than in mandamus proceedings." Other than asserting that "rulings [on a rule 172 audit] can produce an *in terrorem* effect that will force unfair settlements,"[1] Bertucci does not explain why guidance would "prove elusive in appeals." Nor does he explain how the ruling would "produce an *in terrorem* effect" when his counterclaim includes a request for attorney's fees under multiple statutory provisions. *Cf. In re Gulf Expl., LLC*, 289 S.W.3d 836, 842 (Tex. 2009) (orig. proceeding) (noting that "standing alone, delay and expense generally do not render a final appeal inadequate" and "[t]hat is especially true here" when prevailing party "can recover its fees and expenses").

In some exceptional circumstances, the Texas Supreme Court has concluded that "the enormous waste of judicial and public resources" in conducting a trial or complying with a trial court's order is sufficient to make the appellate remedy inadequate. *See, e.g.*, *In re State*, 355 S.W.3d 611, 615 (Tex. 2011) (orig. proceeding). The record in this case, however, does not

---

[1] The phrase "*in terrorem*" is Latin for "in order to frighten" and means "[b]y way of threat; as a warning." *See Black's Law Dictionary* (11th ed. 2019).

rise to that exceptional level.[2]  Admittedly, if Bertucci is correct, he may be burdened with delay and costs associated with conducting a second trial following an appeal.  Although Bertucci's purported burden is not insignificant, to hold that mandamus relief is available whenever reversible error may lead to a second trial would change the nature of mandamus relief from extraordinary to ordinary.  *See Chambers-Liberty Ctys. Navigation Dist. v. State*, 575 S.W.3d 339, 356 (Tex. 2019) (combined appeal & orig. proceeding) ("[M]andamus relief is reserved for extraordinary circumstances."); *In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding) (per curiam) (noting "the extraordinary nature of the remedy" in "a mandamus proceeding").

Having concluded that the second and third *Prudential* considerations do not weigh in favor of mandamus review, we turn to the first *Prudential* consideration—the primary reason courts have granted mandamus relief.  *See In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding) ("The most frequent use we have made of mandamus relief

---

[2]  For example, Bertucci's burden is not equipollent with the burden imposed by actions that would require eight separate suits, *see In re State*, 355 S.W.3d 611, 615 (Tex. 2011) (orig. proceeding) ("Requiring eight separate suits here, when only one is proper, would be a clear waste of the resources of the State, the landowners, and the courts."), or that would subject litigants to endure and taxpayers to foot the bill of litigation in multiple courts and counties, *see In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding) (granting mandamus when "a trial court improperly applied the venue statue and issued a ruling that permits a plaintiff to abuse the legal system by refiling his case in county after county, which would inevitably result in considerable expense to taxpayers and defendants"); *In re Masonite Corp.*, 997 S.W.2d 194, 199 (Tex. 1999) (orig. proceeding) (granting mandamus when "trial court has wrongfully burdened fourteen other courts in fourteen other counties, hundreds of potential jurors in those counties, and thousands of taxpayer dollars in those counties").  Nor has the legislature made express findings implicating mandamus review of costly litigation.  *See In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 461–62, 467 (Tex. 2008) (orig. proceeding) (noting that separation of powers requires courts to consider "repeated findings by the Legislature that traditional rules of litigation are creating an ongoing crisis in the cost and availability of medical care" and concluding that "mandamus relief is available [to review allegedly inadequate statutorily required reports] when the purposes of the health care statute would otherwise be defeated").

involves cases in which the very act of proceeding to trial—regardless of the outcome—would defeat the substantive right involved."). Bertucci first argues that he will be deprived of his due process right to cross examine the auditor who produced the rule 172 report as an adverse witness. *See Davidson v. Great Nat'l Life Ins.*, 737 S.W.2d 312, 314 (Tex. 1987) ("Due process requires an opportunity to confront and cross-examine adverse witnesses."). Assuming without deciding that the auditor appointed by the court should be considered an adverse witness, which Watkins disputes, we nevertheless conclude that proceeding to trial would not defeat the substantive right regardless of the outcome.[3] Bertucci can preserve error for appeal as to the denial of his right to cross examination by providing an offer of proof or a bill of exception. *See* Tex. R. Evid. 103(a)(2) (providing for offer of proof); Tex. R. App. P. 33.2 (providing for bill of exception). Although mandamus relief may lie where the proverbial bell could not be unrung, this is not that case.[4]

---

[3] Bertucci cites an unpublished memorandum opinion from our sister court, which on appeal reversed the trial court's decision entering judgment based on an auditor's report that was not admitted in evidence at trial because the party "was denied his right to cross-examine the auditor and produce evidence rebutting the auditor's report." *See Lang v. White*, No. 05-97-00822-CV, 1999 WL 410351, at *1 (Tex. App.—Dallas June 22, 1999, no pet.) (mem. op.) (not designated for publication). But this unpublished opinion does not address the adequacy of an appellate remedy; indeed, it provides an example of an appeal providing an adequate remedy to address the denial of the right to cross examine the auditor.

[4] Examples from the Texas Supreme Court include the loss of the right to a stay, the loss of privileged status for documents required to be disclosed, the deprivation of a contractual right to waiver of a jury, and the failure to be informed as to the reasons for setting aside a judgment and granting a new trial. *See In re Geomet Recycling LLC*, 578 S.W.3d 82, 92 (Tex. 2019) (orig. proceeding) ("This right [to the stay], once violated, cannot be recovered by appeal." (quoting *In re University of the Incarnate Word*, 469 S.W.3d 255, 259 (Tex. App.—San Antonio 2015, orig. proceeding))); *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 209–10 (Tex. 2009) (orig. proceeding) ("If Columbia suffered an unfavorable verdict, it could not obtain reversal unless it convinced an appellate court that the granting of the new trial was error and that the error either prevented Columbia from properly presenting its case on appeal or probably caused entry of an improper judgment. And even if an unfavorable verdict were

Bertucci, citing *In re Garza*, claims that his "ability to present a viable claim or defense at trial is either completely vitiated or severely compromised" and therefore mandamus review is merited. 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam) (citing *Walker*, 827 S.W.2d at 843). However, in *Walker¸* which *Garza* cites, the Texas Supreme Court explained that "the relator must establish the effective denial of a reasonable opportunity to develop the merits of his or her case, so that the trial would be a waste of judicial resources." 827 S.W.2d at 843. Generally, this has meant "a denial of discovery going to the heart of a party's case" because that party is then prevented "from developing essential elements" of their claim or defense. *Able Supply Co. v. Moye*, 898 S.W.2d 766, 772 (Tex. 1995) (orig. proceeding); *see H.E.B.*, 492 S.W.3d at 302, 304 (granting mandamus relief after trial court denied HEB's motion that plaintiff be required to submit to physical examination and noting that results of requested examination "go to the heart of HEB's defense strategy").

Here, Bertucci does not claim that he is deprived of his ability to discover information in developing the essential elements of his case—he has already deposed the auditor and attached discovery to his motion to exclude the auditor's report and testimony. Instead, he argues that he is unable to present the evidence at trial due to the report being ruled "conclusive

_____

reversed and rendered in Columbia's favor, Columbia would have lost the benefit of a final judgment based on the first jury verdict without ever knowing why, and would have endured the time, trouble, and expense of the second trial." (citations omitted)); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding) (holding that there is no adequate remedy by appeal for failing to enforce contractual jury waiver because it could not be rectified on appeal—if party wins at jury trial "its contractual right [to enforce the jury waiver] would be lost forever"; if it loses but obtains reversal on appeal, party "would already have lost a part of [its contractual right] by having been subject to the procedure it agreed to waive"); *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992) (orig. proceeding) (noting that "a party will not have an adequate remedy by appeal when the appellate court would not be able to cure the trial court's discovery error," including when trial court erroneously orders disclosure of privileged information such as trade secrets or documents covered by attorney client privilege).

as to the accounts stated therein." But Bertucci is free to develop a complete record by way of a bill of exception. In *In re Ford Motor Co.*, the Texas Supreme Court considered whether an adequate remedy on appeal existed for a trial court's order excluding evidence at trial, including an expert report. 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding). The Texas Supreme Court noted that Ford already had both the expert report and the claim file and held:

> Ford is free to develop a complete record by way of a bill of exception. *See* Tex. R. App. P. 33.2. If, after a bill is made, the trial court maintains its previous ruling and keeps the evidence from the trier of fact, the appellate court will have a complete evidentiary record on which to determine whether the exclusion was harmful. The appeal would be adequate.

*Id.*; *see Forscan Corp. v. Touchy*, 743 S.W.2d 722, 724 (Tex. App.—Houston [14th Dist.] 1987, orig. proceeding) ("[R]elators have failed to show they have no adequate remedy on appeal. The evidence that will be excluded by the trial court is still available to them and may be presented for appellate review by bill of exception."). Although Bertucci argues that an offer of proof "is not a viable solution," he fails to explain why a bill of exception in this case would not provide an adequate appellate remedy.[5]

Bertucci asserts that "the trial court's ruling is analogous to passing a death sentence" as "the verdict will be inherently constrained by the conclusive effect of the Report rather than the contest of admissible evidence" and cites cases concluding that an adequate appellate remedy does not exist for death penalty sanctions. *See Garza*, 544 S.W.3d at 842–44

---

[5] For this reason, Bertucci's reliance on *In re Coppola* is unavailing. 535 S.W.3d 506, 509 (Tex. 2017) (orig. proceeding) (per curiam) ("Allowing a case to proceed to trial despite erroneous denial of a responsible-third-party designation 'would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of [the relator's] defense in ways *unlikely to be apparent in the appellate record*.'" (quoting *In re CVR Energy, Inc.*, 500 S.W.3d 67, 81–82 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding)) (emphasis added)).

(noting that if records and employee testimony are excluded from trial, then claims will be significantly compromised, even if not completely vitiated, and therefore appeal does not provide adequate remedy); *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 920 (Tex. 1991) (orig. proceeding) ("We therefore hold that when a trial court imposes discovery sanctions which have the effect of precluding a decision on the merits of a party's claims—such as by striking pleadings, dismissing an action, or rendering default judgment—a party's remedy by eventual appeal is inadequate, unless the sanctions are imposed simultaneously with the rendition of a final, appealable judgment."). But this is not a sanctions case nor was a pleading struck, an action dismissed, or a default judgment rendered; this case concerns whether rule 172 was properly followed to challenge an auditor's report. In contrast to the consideration of whether rule 172 was properly followed, cases involving sanctions by their very nature implicate due process concerns: "[t]he imposition of very severe sanctions is limited, not only by [rule 215], but by constitutional due process." *Powell*, 811 S.W.2d at 917; *see id.* at 918 (noting that there are constitutional limitations upon court's power to dismiss action without affording opportunity for hearing on merits and that "[w]hen a trial court strikes a party's pleadings and dismisses its action or renders a default judgment against it for abuse of the discovery process, the court adjudicates the party's claims without regard to their merits but based instead upon the parties' conduct of discovery"). And "[r]esolution of matters in dispute between the parties will be influenced, if not dictated, by the trial court's determination of the conduct of the parties during discovery." *Id.* at 919.

Although *Garza* holds that an appeal did not provide an adequate remedy for evidence excluded from trial as a discovery sanction, the Texas Supreme Court has not extended *Garza*'s holding to contexts outside of discovery sanctions. 544 S.W.3d at 842–44. As an

8

intermediate court of appeals, we decline Bertucci's invitation to do so here.[6] *See Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 565 (Tex. App.—Austin 2004, no pet.) ("As an intermediate appellate court, we are not free to mold Texas law as we see fit but must instead follow the precedents of the Texas Supreme Court unless and until the high court overrules them or the Texas Legislature supersedes them by statute.").

Having carefully weighed and balanced the "jurisprudential considerations" for mandamus review, we conclude that under the circumstances of this case the benefits of mandamus review do not outweigh the detriments and that an appeal would provide an adequate remedy. *See Prudential*, 148 S.W.3d at 135–36. We deny Bertucci's petition for mandamus.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Filed: October 18, 2019

---

[6] Additionally, in *In re Garza*, it appears that the parties did not raise the effect of an offer of proof or a bill of exception as the opinion neither weighs those options as providing an adequate remedy on appeal nor cites *In re Ford Motor Co.*'s holding that a bill of exception provides an adequate appellate remedy. 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam).