

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-15-00242-CV

**IN RE UNIVERSITY OF THE INCARNATE WORD**

Original Mandamus Proceeding[1]

Opinion by:      Patricia O. Alvarez, Justice

Sitting:          Rebeca C. Martinez, Justice
                 Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  June 24, 2015

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On April 21, 2015, relator University of the Incarnate Word filed a petition for writ of mandamus complaining of the trial court's order granting plaintiffs' motion to compel discovery responses. Relator contends in this original proceeding that the challenged order was entered in violation of an automatic stay prompted by the perfection of UIW's interlocutory appeal from a prior order denying its plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2015). Because we conclude an automatic stay is in effect during the pendency of UIW's interlocutory appeal, the trial court's entry of the challenged discovery order after perfection of the interlocutory appeal constitutes an abuse of discretion for which UIW has

---

[1] This proceeding arises out of Cause No. 2014-CI-07249, styled *Valerie Redus, Individually and Robert Redus, Individually and as Administrator of the Estate of Robert Cameron Redus v. University of the Incarnate Word and Christopher Carter*, pending in the 150th Judicial District Court, Bexar County, Texas, the Honorable David A. Canales presiding.

no adequate remedy at law. *See In re Tex. Educ. Agency*, 441 S.W.3d 747, 748 (Tex. App.—Austin 2014, orig. proceeding). Therefore, we conditionally grant mandamus relief.

## BACKGROUND

Plaintiffs, Valerie and Robert Redus, filed suit against UIW and campus police officer Christopher Carter in May 2014 alleging negligence, gross negligence and wrongful death and survival actions in connection with the 2013 shooting death of their son, Cameron Redus. UIW filed a timely answer and, three days later, filed a notice of removal to the District Court for the Western District of Texas, San Antonio Division. *See* 28 U.S.C. § 1441(a). The basis for removal was UIW's contention that the Redus's petition raised a federal question. *See* 28 U.S.C. § 1331; 42 U.S.C. § 1983 (providing for civil action for deprivation of Constitutional rights). After concluding that the plaintiffs' petition and allegations arose from state law and did not create federal subject matter jurisdiction, the federal district court entered an order of remand on November 25, 2014, returning the case to state court. *See* 28 U.S.C. § 1447(c).

In February 2015, UIW filed a plea to the jurisdiction in state court, asserting it is entitled to governmental immunity from the Redus's claims because UIW falls within the definition of a "governmental unit" as provided in the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3) (West Supp. 2014). The trial court denied the plea to the jurisdiction on March 2, 2015. The following day, UIW filed notice of an interlocutory appeal from the denial of its plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). The interlocutory appeal is presently pending before this court in Appeal No. 04-15-00120-CV, styled *University of the Incarnate Word v. Valerie Redus, et al*.

On March 31, 2015, the plaintiffs filed a motion to compel discovery responses from UIW. The presiding judge orally granted the plaintiffs' motion to compel on April 15, and later signed a written order on May 1, 2015. The written order required UIW to provide responses to the

plaintiffs' second requests for production by May 15, 2015. UIW filed this original proceeding challenging the trial court's order compelling discovery responses during the pendency of UIW's interlocutory appeal. We stayed the challenged discovery order pending the determination of this original mandamus proceeding and requested a response to the mandamus petition.

## ANALYSIS

### *Applicable Law*

Mandamus relief is appropriate "to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985). The trial court's clear failure to correctly analyze or apply the law will constitute an abuse of discretion which is correctable by mandamus. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

The Civil Practice and Remedies Code provides for an appeal from an interlocutory order which "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined by Section 101.001." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). An interlocutory appeal under this section triggers a stay of all proceedings in the trial court pending final determination of the appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b) (West 2015). The automatic stay is only available, however, when the plea to the jurisdiction was filed, and a hearing requested, within a defined timeframe. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(c) (West 2015). To trigger the automatic stay, the plea to the jurisdiction must have been filed and a hearing requested no later than the date set in a scheduling order, if any, or 180 days after the defendant's original answer or first other responsive pleading. *Id*.

### *Issue Presented*

The issue in this mandamus proceeding is whether the trial court abused its discretion by signing an order compelling discovery responses during the pendency of UIW's interlocutory

appeal. The record reflects that the challenged order was signed after UIW had filed its notice of interlocutory appeal. The issue we must decide is whether UIW is entitled to the automatic stay as provided by section 51.014(c).

The real parties in interest assert two reasons why the automatic stay should not apply in this instance: (1) because UIW filed its plea to the jurisdiction more than 180 days after its original answer; and (2) because UIW is not a "governmental unit." Among the issues to be determined in the pending interlocutory appeal is whether UIW is a "governmental unit." This determination will be required both with respect to the merits of UIW's interlocutory appeal and with respect to the appellees' motion to dismiss the interlocutory appeal for lack of jurisdiction. Because we conclude this issue is most appropriately decided in the context of the interlocutory appeal, we do not address it in this original proceeding. In this mandamus proceeding, we address only whether UIW's plea to the jurisdiction was filed within the timeframe required by section 51.014(c), such that the interlocutory appeal from its denial triggered an automatic stay of all proceedings in the trial court.

### Effect of Removal to Federal Court

Although we have found no cases addressing the specific time frame at issue in this proceeding, other Texas courts have held that state court time periods and deadlines are generally suspended by removal to federal court. *See, e.g., Brogdon v. Ruddell*, 717 S.W.2d 675, 676-77 (Tex. App.—Texarkana 1986, writ ref'd n.r.e.) (deadline for perfecting interlocutory appeal); *see also Henke Grain Co. v. Keenan*, 658 S.W.2d 343, 346 (Tex. App.—Corpus Christi 1983, no writ). Upon remand, the state court is to proceed from the point reached in the state court action prior to removal, as if no interruption had occurred. *Brogdon*, 717 S.W.2d at 677. The Texas Supreme Court has held that remand is complete and state court jurisdiction revests when the federal court executes the order of remand and mails a certified copy to the state court. *Quaestor Investments, Inc. v. State of Chiapas*, 997 S.W.2d 226, 229 (Tex. 1999).

The real parties in interest assert that UIW could have filed its plea to the jurisdiction in federal court during the period of removal, thus avoiding any question as to its timeliness. The federal court, however, could not have considered UIW's plea prior to its determination of federal subject matter jurisdiction. The state court likewise would have had no power to consider the plea prior to remand. 28 U.S.C. § 1446(d) ("the state court shall proceed no further unless and until the case is remanded"); *Murray v. Ford Motor Co.*, 770 F.2d 461, 463 (5th Cir. 1985) (actions taken by state court after removal are void); *Meyerland Co. v. F.D.I.C.*, 848 S.W.2d 82, 83 (Tex. 1993) (dismissal order entered after removal is void); *see also Henke Grain Co.*, 658 S.W.2d at 346. Had the plea been filed in state court during the period of removal, it would not have been effective until after remand. *See Henke Grain Co.*, 658 S.W.2d at 346 (motion filed in state court after removal may be held and will become effective only in the event of remand). Because the state court resumes from the point reached prior to remand as if no interruption had occurred, the timeliness of a plea filed during the period of removal would be calculated without considering the time spent in federal court. Although UIW could have filed its plea to the jurisdiction during the period of removal, we conclude that doing so would not have changed the calculation of its timeliness.

In this instance, UIW's notice of removal was filed three days after its original answer. Its plea to the jurisdiction was filed 80 days after the federal court's order of remand. Thus, when the period of removal is not considered, UIW's plea to the jurisdiction was filed 83 days after its original answer. The trial court denied the plea to the jurisdiction on March 2, 2015, 97 days after UIW's answer. Because UIW's plea to the jurisdiction was filed, heard, and determined by the trial court within the 180-day time period required by section 51.014(c) when the removal period is not considered, we conclude UIW is entitled to the automatic stay while its interlocutory appeal from the denial of its plea to the jurisdiction is pending.

*Automatic Stay*

"[T]he stay set forth in section 51.014 is statutory and allows no room for discretion." *Sheinfeld, Maley & Kay, P.C. v. Bellush*, 61 S.W.3d 437, 439 (Tex. App.—San Antonio 2001, no pet.). The trial court abuses its discretion in conducting hearings and signing orders in violation of the automatic stay of "all other proceedings in the trial court." *Tex. Educ. Agency*, 441 S.W.3d at 750. There is no dispute that the challenged order was signed after UIW's notice of interlocutory appeal. We conclude the trial court's order compelling discovery responses was an abuse of the trial court's discretion because it was entered in violation of the automatic stay. *See id*.

*No Adequate Remedy by Appeal*

Having determined that the trial court abused its discretion in signing the challenged order, we must also consider whether UIW has an adequate remedy by appeal. The challenged order is not an appealable interlocutory order. The only basis UIW asserted in opposition to the motion to compel was that any action on the motion would violate the automatic stay. The challenged order has the effect of taking away UIW's statutory right to an automatic stay of all trial court proceedings while this court determines the jurisdictional issues raised in the interlocutory appeal. This right, once violated, cannot be recovered by appeal. *See, e.g., In re State Farm Mut. Auto. Ins. Co.*, 192 S.W.3d 897, 903 (Tex. App.—Tyler, orig. proceeding). Therefore, we conclude UIW has no adequate remedy by law.

## CONCLUSION

The trial court's order compelling discovery responses was entered in violation of the automatic stay under section 51.014(b). The order constitutes a clear abuse of the trial court's discretion for which UIW has no adequate remedy by appeal because UIW's loss of its statutory right to an automatic stay cannot be remedied by appeal once it has been lost.

Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its order compelling discovery responses, signed May 1, 2015, in accordance with this opinion. We are confident the trial court will comply. The writ will issue only if we are notified of the trial court's failure to do as directed within fifteen days from the date of this court's order.

Patricia O. Alvarez, Justice