

# NUMBER 13-18-00252-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THOMAS J. GESSWEIN, **Appellant,**

**v.**

SHARON L. GESSWEIN, **Appellee.**

### On appeal from the County Court at Law No. 6
### of Hidalgo County, Texas.

# ORDER

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Order Per Curiam

This cause is before the Court on consideration of appellant Thomas J. Gesswein's Amended Motion to Stay Trial. By his motion, Thomas asks the Court to stay proceedings in the trial court pending resolution of his interlocutory appeal.

On interlocutory appeal, Thomas challenges the denial of his special appearance in the lawsuit filed by his former spouse Sharon L. Gesswein. The Civil Practice and

Remedies Code provides for an appeal from an interlocutory order which "grants or denies the special appearance of a defendant under Rule 120a, Texas Rules of Civil Procedure, except in a suit brought under the Family Code . . . ."  TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7) (West, Westlaw through 2017 1st C.S.).

An interlocutory appeal under this section automatically stays the commencement of a trial pending resolution of the appeal.  *See id.* § 51.014(b).  "[T]he stay set forth in section 51.014 is statutory and allows no room for discretion."  *In re Univ. of Incarnate Word*, 469 S.W.3d 255, 259 (Tex. App.—San Antonio 2015, orig. proceeding).

The automatic stay is only available, however, when the special appearance was filed, and a hearing requested, within a defined timeframe.  *See In re Tex. Dep't of Transp.*, 510 S.W.3d 701, 705 (Tex. App.—El Paso 2016, orig. proceeding).  To trigger the automatic stay, the special appearance must have been filed and a hearing requested no later than the date set in a scheduling order, if any, or 180 days after the defendant's first responsive pleading.  TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(c); *Incarnate Word*, 469 S.W.3d at 258.

The record reveals that Thomas's special appearance was filed within the required 180-day window:  there was no scheduling order; Thomas filed his special appearance on January 16, 2018; and the hearing on the special appearance took place on April 12, 2018, well within 180 days of his special appearance.  Because Thomas timely filed and requested a hearing on his special appearance, his interlocutory appeal automatically triggered a stay of any trial in the county court.  *See Incarnate Word*, 469 S.W.3d at 258.

This Court, having fully examined and considered Thomas's motion, believes it should be granted with an order recognizing the automatic stay.

Accordingly, Thomas's motion is hereby GRANTED, and it is ORDERED that commencement of a trial in the county court be stayed.

PER CURIAM

Delivered and filed the
22nd day of June, 2018.