

# NUMBER 13-19-00627-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI–EDINBURG

---

## IN RE FRAUDULENT HOSPITAL LIEN LITIGATION

---

## On appeal from MDL No. 15-0360-H in the 444th District Court of Cameron County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Benavides

Currently before the Court is appellant MedData d/b/a Alegis Revenue Group, L.L.C. (MedData)'s motion to dismiss this appeal.[1] Because we lack jurisdiction over the appeal, we grant MedData's motion to dismiss and dismiss the appeal.

---

[1] This case originated in trial court cause number C-2466-19-C in the 139th District Court of Hidalgo County, Texas, which was transferred to MDL No. 15-0360-H in the 444th District Court of Cameron County, Texas, for consolidated pretrial proceedings.

## I. BACKGROUND

MedData filed this notice of appeal from MDL No. 15-0360-H, *In re Fraudulent Hospital Lien Litigation*, pending in the 444th District Court of Cameron County, Texas. MedData alleged that the judge of the MDL pretrial court had not ruled on MedData's motion to dismiss under the Texas Citizens Participation Act (TCPA) within the statutory deadline, and accordingly, the motion was "considered to have been denied by operation of law." *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.005(a), 27.008(a). This appeal ensued.

On January 9, 2020, MedData filed a "Motion to Dismiss Appeal as Premature." This motion to dismiss states:

> On December 19, 2019, this Court issued an order in a related appeal holding that the underlying MDL litigation is stayed and any notices of appeal relating to actions pending in that MDL proceeding are premature. . . . On that basis, and without abandoning its position that each case in an MDL proceeding is distinct, [MedData] acknowledges that the Court's ruling means that appellate jurisdiction has not vested in this Court. Thus, on the basis of the Court's ruling regarding the stay of the underlying proceeding, this attempted interlocutory appeal may be dismissed. *See* TEX. R. APP. P. 42.1(a)(1).

The "order" referred to in MedData's motion to dismiss is this Court's memorandum opinion issued in cause numbers 13-19-00545-CV and 13-19-00547-CV. *See In re Fraudulent Hosp. Lien Litig.*, Nos. 13-19-00545-CV & 13-19-00547-CV, 2019 WL 6907087, at *3 (Tex. App.—Corpus Christi–Edinburg Dec. 19, 2019, orig. proceeding) (mem. op.). MedData's motion to dismiss is opposed by appellees, Dalia Aguilera, et al.,[2]

---

[2] The appellees include: Dalia Aguilera, Elizabeth Arriaga, Juan Barreto, Angelica Borrego, Oscar Bosques, Adriana Cantu, Oscar Centeno, Desiree Chapa, Roman Cordova, Santiaga Coronado, Daniel Davila, Nora Estrada, Yessica Gaona, Ana Gasca, Juan Gomez, Aron Gonzalez, Corina Gonzalez, Emmanuel Gonzalez, Maria Gonzalez, Veronica Gonzalez, Ruth Graham, Elsa Granados, Alejandro

however, more than ten days have passed since the motion was filed and appellees have not filed a response or other pleading in opposition to MedData's motion. *See* TEX. R. APP. P. 10.1(a)(5), 10.1(b), 10.3(a).

## II. TCPA

"The Texas Citizens Participation Act is a bulwark against retaliatory lawsuits meant to intimidate or silence citizens on matters of public concern." *Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 376 (Tex. 2019); *see In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015) (orig. proceeding). "The TCPA's purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits." *In re Lipsky*, 460 S.W.3d at 589; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 27.002 ("The purpose of this chapter is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury."). To accomplish its purpose, the TCPA "endorses a summary process" that includes a procedure for the expedited dismissal of such lawsuits. *In re Lipsky*, 460 S.W.3d at 589. In accordance with this goal, the TCPA contains several specific procedural deadlines. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(b) (requiring the motion to dismiss to be filed within sixty days from service of the legal action or claim implicating the TCPA);

---

Guajardo, Jeannette Guerrero, Leandra Hernandez, Maria Ibarra, Maribel Jacobo, Bette Loukakis, Victor Luevano, Maria Martinez, Miriam Martinez, Justin Molina, Pedro Lopez Montalvo, Gerardo Montoya, Martin Mora, Lorena Moreno, Neal Nelson, Jose Pecina, Felipa Perez, Consuelo Ramos, Sofia Rodriguez, Horacio Saldana, Eradio Salinas, Annateresa Santamaria, Maria Santana, Hermelinda Sarreon, Jose Sauceda, Manuel Trevino, Anthony Valadez, and Jose Valadez.

§ 27.003(d),(e) (requiring twenty-one days' notice of the hearing and the response, if any, to be filed not later than seven days before the date of the hearing); § 27.004(a) (requiring a hearing on the motion to be set no later than the sixtieth day after service of the motion); § 27.005(a) (requiring the court to rule on a motion to dismiss within thirty days from the date the hearing on the motion concludes); § 27.008 (providing that the failure to rule within the specified time frame is considered a denial by operation of law); § 27.007(b) (requiring the trial court to issue findings for any sanctions awarded to be issued within thirty days from the date of request).

### III. ANALYSIS

The Texas Civil Practice & Remedies Code provides for an interlocutory appeal of an order that denies a motion to dismiss filed under the TCPA. *See id.* § 51.014(a)(12). Section 51.014(b) provides that an interlocutory appeal of such an order stays the commencement of a trial pending resolution of the appeal and "also stays all other proceedings in the trial court pending resolution of that appeal." *Id.* § 51.014(b). The stay of trial court proceedings delineated in § 51.014 is "statutory" and "allows no room for discretion." *Sheinfeld, Maley & Kay, P.C. v. Bellush*, 61 S.W.3d 437, 439 (Tex. App.—San Antonio 2001, no pet.); *see In re Univ. of the Incarnate Word*, 469 S.W.3d 255, 259 (Tex. App.—San Antonio 2015, orig. proceeding); *In re Tex. Educ. Agency*, 441 S.W.3d 747, 750 (Tex. App.—Austin 2014, orig. proceeding); *see also In re Fraudulent Hosp. Lien Litig.*, 2019 WL 6907087, at *3; *Swanson v. Town of Shady Shores*, No. 02-15-00351-CV, 2016 WL 4395779, at *4 (Tex. App.—Fort Worth Aug. 18, 2016, no pet.) (mem. op.); *In re Bliss & Glennon, Inc.*, No. 01-13-00320-CV, 2014 WL 50831, at *2 (Tex.

4

App.—Houston [1st Dist.] Jan. 7, 2014, orig. proceeding) (mem. op.). Accordingly, the trial court abuses its discretion by entering orders and conducting proceedings during the pendency of a stay under § 51.014. *See In re Univ. of the Incarnate Word*, 469 S.W.3d at 259; *In re Tex. Educ. Agency,* 441 S.W.3d at 750; *see also In re Fraudulent Hosp. Lien Litig.*, 2019 WL 6907087, at *3.

On December 19, 2019, in two petitions for writ of mandamus arising from this same MDL, this Court conditionally granted relief on grounds that the pretrial MDL court had violated the automatic stay by continuing with MDL trial court proceedings despite the pendency of two appeals arising from the MDL under § 51.04(a)(12). *See In re Fraudulent Hosp. Lien Litig.*, 2019 WL 6907087, at *1–4. In our opinion issued in those original proceedings, we joined the Austin Court of Appeals in determining that, when an appeal has been filed from an MDL proceeding, the automatic stay provided by § 51.014 applies to all of the cases pending in the MDL pretrial court and not just the individual cases in which an appeal has been filed. *Id.* at *3; *see In re Volkswagen Clean Diesel Litig.*, No. 03-16-00718-CV, 2017 WL 160919, at *1 (Tex. App.—Austin Jan. 11, 2017, no pet.) (per curiam order). We held that the interlocutory appeals which had been filed under § 51.014(a)(12) stayed the commencement of a trial and "all other proceedings in the trial court" pending resolution of the appeal and concluded that "the automatic stay under § 51.014 tolls the deadlines imposed by the TCPA . . . including any appeals filed under the TCPA." *See In re Fraudulent Hosp. Lien Litig.*, 2019 WL 6907087, at *4. We expressly noted that we had "received multiple notices of appeals based on the MDL pretrial court's failure to rule on TCPA motions to dismiss within the statutory deadline," and stated that

5

"[u]nless and until we are given contrary direction from the Legislature or the Texas Supreme Court, we consider these appeals premature because the TCPA deadlines were stayed by statute." *Id.* We thus held that notices of appeal filed during the pendency of the automatic stay were premature. *Id.*

This is one such notice of appeal. MedData filed this notice of appeal from the MDL during the pendency of the automatic stay. MedData asserted that, because the judge of the MDL pretrial court had not ruled on MedData's motion to dismiss under the TCPA within the statutory deadline, its motion was "considered to have been denied by operation of law." *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.005(a), 27.008(a). However, the automatic stay applied to the TCPA deadlines, and accordingly, MedData's motion to dismiss was not overruled by operation of law. *See In re Fraudulent Hosp. Lien Litig.*, 2019 WL 6907087, at *4. Because the pretrial MDL proceedings were stayed, the trial court did not overrule the TCPA motion to dismiss as a matter of law, and we lack jurisdiction over the attempted appeal. In other words, the trial court's alleged denial of its TCPA motion to dismiss is not ripe for our review. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998) ("The ripeness doctrine conserves judicial time and resources for real and current controversies, rather than abstract, hypothetical, or remote disputes."); *see also Bustamante v. Miranda & Maldonado, P.C.*, 569 S.W.3d 852, 863 (Tex. App.—El Paso 2019, no pet.).

Further, we may not treat this as an appeal from a judgment or order which can be modified so as to be made final under Texas Rule of Appellate Procedure 27. *See* TEX. R. APP. P. 27. Under Rule 27, an "appellate court may allow an appealed order that is not

6

final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record." *Id.* R. 27.2. However, "[t]his rule concerns a valid order that is not yet final." *Malone v. PLH Grp., Inc.*, 570 S.W.3d 292, 296–97 (Tex. App.—Houston [1st Dist.] 2018, no pet.). Here, the trial court has not had the opportunity to issue a ruling or order, and the time period for it to rule has not elapsed due to the automatic stay. Therefore, under these circumstances, there is no order or ruling to be modified, and Rule 27.2 does not apply. *See* TEX. R. APP. P. 27.2 (referring to an appealed order); *cf. Malone*, 570 S.W.3d at 296–97) (refusing to treat a void order as premature under Rule 27); *Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied) ("Rule 27.1 does not contemplate an appellate place holder until there is a final appealable judgment.").

Based on the foregoing, we conclude that we lack jurisdiction over this attempted appeal and the appeal should be dismissed.

## IV. CONCLUSION

We grant MedData's "Motion to Dismiss Appeal as Premature" and we dismiss this appeal for lack of jurisdiction. Pending motions, if any, are dismissed as moot.

GINA M. BENAVIDES.
Justice

Delivered and filed the
5th day of March, 2020.

7