**Opinion filed August 5, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00114-CV

_____

**CLAYTON MOUNTAIN DEVELOPMENT, LLC; 7R OWNERS ASSOCIATION, INC.; MICHAEL RUFF IN HIS CAPACITY AS TRUSTEE OF MAR LIVING TRUST; ARAMAR HOLDINGS LLC; PREMIUM SANDSTONE LLC; AND MICHAEL RUFF IN HIS CAPACITY AS TRUSTEE OF COMMANDER NEYO TRUST, Appellants**

**V.**

**SUZANN RUFF, Appellee**

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause Nos. C46164 & C46164-2**

### MEMORANDUM OPINION

After an arbitration panel awarded Appellee Suzann Ruff $49,000,000 in actual damages on her tort claims against her son, Michael Ruff,[1] Suzann asserted

---

[1] Because several individuals involved in this litigation have the same surname, we will refer to those individuals by first name for purposes of clarity.

claims in this suit against Appellants Clayton Mountain Development, LLC (CMD); 7R Owners Association, Inc. (7R Owners); Michael Ruff in his capacity as Trustee of MAR Living Trust (MAR); Aramar Holdings LLC; Premium Sandstone LLC; and Michael Ruff in his capacity as Trustee of Commander Neyo Trust[2] (Commander Neyo), among other defendants. In her seventh amended petition, Suzann alleged, as to Appellants, (1) that, based on the arbitration award, a constructive trust in her favor was imposed on any interest that Michael has, or had and purportedly and/or fraudulently transferred, in Appellants; (2) that, if any Appellant was found to be Michael's alter ego, it owed a fiduciary duty of full and complete disclosure to Suzann and had breached that duty; (3) that Appellants had knowingly participated in Michael's breaches of fiduciary duty; and (4) that, if any Appellant was not found to be Michael's alter ego, it had "conspired and [is] continuing to conspire" with Michael "to commit the torts found[] to have been committed" by Michael in the arbitration award and in Michael's "continuing breaches of fiduciary duty." Suzann also requested that, if any Appellant was found to be Michael's alter ego, it be required to provide an accounting as to its participation in the marketing and sale of Suzann's property and the disposition of funds received from the sales.

Appellants filed a motion to dismiss Suzann's claims pursuant to the Texas Citizens Participation Act, TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011

---

[2]In the seventh amended petition, Suzann sued Jennifer Ruff in her capacity as Trustee of Commander Neyo Trust. "The general rule in Texas (and elsewhere) has long been that suits against a trust must be brought against its legal representative, the trustee." *Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 570 (Tex. 2006) (per curiam). Jennifer filed an answer in her capacity as Trustee of Commander Neyo Trust. However, the record reflects that Michael filed the motion to dismiss in his capacity as Trustee of Commander Neyo Trust, that Suzann recognized in her response to Appellants' motion to dismiss that Michael had been reappointed as Trustee of Commander Neyo Trust, and that Michael filed the notice of appeal in his capacity as Trustee of the Commander Neyo Trust.

2

(West 2015) (the TCPA).[3] The trial court denied the motion to dismiss and awarded Suzann attorney's fees.

At this court's request, Appellants addressed in their first issue the validity and timeliness of the trial court's June 4, 2020 order in which it denied the motion to dismiss. In their remaining five issues, Appellants contend that the trial court erred (1) when it denied the motion to dismiss because (i) the motion was timely, (ii) the 2019 amendments to the TCPA do not apply to the motion, (iii) they established by a preponderance of the evidence that the TCPA applies to Suzann's claims, and (iv) Suzann failed to present clear and specific evidence to establish a prima facie case for each essential element of her claims and (2) when it awarded attorney's fees to Suzann. We hold that the trial court had authority to sign the order in which it denied the motion to dismiss. After considering the merits of Appellants' remaining issues, we affirm the trial court's denial of the motion to dismiss because Appellants failed to establish that the TCPA applies to Suzann's claims. However, because the motion to dismiss was neither frivolous nor intended solely to delay, we reverse the trial court's award of attorney's fees to Suzann.

---

[3]The Texas legislature amended the TCPA effective September 1, 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–9, 12 (H.B. 2730) (codified at TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001, .003, .005–.007, .0075, .009–.010). The amendments apply to an "action filed on or after" September 1, 2019. *Id.* at §§ 11–12. In their third issue, Appellants contend that the 2019 amendments do not apply in this case. Suzann responds that Appellants' motion to dismiss was directed at the seventh amended petition, which was filed after September 1, 2019; that the seventh amended petition was the "action" for purposes of the effective date of the amendments; and that the 2019 amendments apply. However, "[t]he term 'action' is generally synonymous with 'suit,' which is a demand of one's rights in court." *Office of the Attorney Gen. of Tex. v. C.W.H.*, 531 S.W.3d 178, 183 (Tex. 2017) (quoting *Thomas v. Oldham*, 895 S.W.2d 352, 356 (Tex. 1995)). Because Suzann filed this suit or action against Appellants before September 1, 2019, the 2019 amendments do not apply. *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 129 (Tex. 2019) ("The prior version of the [TCPA] continues . . . to control cases filed before September 1, 2019."). As such, we sustain Appellants' third issue. Unless otherwise noted, all citations to the TCPA in this opinion are to the version of the statute prior to September 1, 2019. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961–64, amended by Act of May 24, 2013, 83d Leg., R.S., ch. 1042, 2013 Tex. Gen. Laws 2499–2500.

## I. *Background*

In 2011, Suzann sued Michael in probate court in Dallas County. Michael filed a demand for arbitration with the American Arbitration Association, and the litigation in the probate court was stayed. On October 21, 2014, while the arbitration was pending, Suzann filed this case in Palo Pinto County against Michael and five business entities, including CMD.

On December 7, 2017, the arbitration panel issued a decision in which it found that Michael committed numerous torts against Suzann and awarded Suzann actual damages of $49,000,000 plus interest, attorney's fees, and expenses. In Suzann's favor, the arbitration panel also imposed a constructive trust on any real property held or owned by Michael that had belonged to Suzann or had originated from property owned by Suzann and on Michael's interest in any entity that he formed or in which he invested using Suzann's property. The arbitration panel listed specific entities and properties that were subject to the constructive trust. The probate court subsequently confirmed the arbitration award, and Michael appealed the judgment to the Dallas Court of Appeals. The probate court's judgment was affirmed. *See Ruff v. Ruff*, No. 05-18-00326-CV, 2020 WL 4592794, at *15 (Tex. App.—Dallas Aug. 11, 2020, pet. denied) (mem. op.).

Suzann filed a first amended petition in this litigation in which she named 7R Owners as a defendant. Suzann filed a second amended petition on February 14, 2018, in which she named MAR, Aramar Holdings, Premium Sandstone, and Commander Neyo as defendants. As relevant to this appeal, Suzann filed a fifth amended petition on October 3, 2018, in which she named a number of new business entities as defendants, and a sixth amended petition on February 14, 2019.

In her sixth amended petition, Suzann did not assert any specific factual allegations as to Appellants or any of the other business entity defendants. Further, as to Appellants and the other business entity defendants, Suzann collectively

4

requested the enforcement of the constructive trust imposed by the arbitration award and an accounting; she also asserted claims for breach of fiduciary duty, knowing participation in breach of fiduciary duty, conspiracy, and fraud. Suzann sought damages of "over $15,000,000" on her claims for breach of fiduciary duty, knowing participation in breach of fiduciary duty, and conspiracy as well as punitive damages based on the "Defendants' conspiracy, fraud, breach of fiduciary duties, and intentionally wrongful conduct."

Suzann filed an amended motion for judgment against CMD on August 5, 2019, based on CMD's alleged discovery abuse. Also in August, Suzann served the new defendants that she first named in her fifth amended petitions. The new defendants filed special exceptions to Suzann's sixth amended petition.[4] The trial court granted the special exceptions filed by seven of the new defendants as to Suzann's causes of action for constructive trust, breach of fiduciary duty, conspiracy, an accounting, and fraud and ordered Suzann to replead before October 18, 2019.

The trial court granted Suzann's amended motion for judgment against CMD on September 29, 2019. The trial court ordered (1) that Suzann was the sole member of CMD; (2) that two Special Warranty Deeds, one between CMD and MAR and one between MAR and Clayton Mountain Partners, LLC, which is not a party to this litigation, were null and void; and (3) that a Memorandum of Assignment of Developer's Rights between MAR and Clayton Mountain Partners was null and void. The trial court's judgment did not resolve Suzann's tort claims against CMD, did not award Suzann any damages, and did not contain a Mother Hubbard clause or any other language that indicated that the trial court intended to resolve all of Suzann's asserted claims against CMD.

---

[4]Although these special exceptions are not in the appellate record, they are contained in the appellate record in *Clayton Mountain Development, LLC v. Ruff*, No. 11-20-00034-CV, and were reviewed by this court in the preparation of the opinion in that case.

Suzann filed a seventh amended petition on October 17, 2019. Appellants, including CMD, were named as defendants in the seventh amended petition. In this pleading, Suzann did not make any specific factual allegations as to any conduct by Appellants that purportedly injured her. Suzann nonsuited her fraud claim, but continued to assert causes of action for constructive trust, breach of fiduciary duty, knowing participation in breach of fiduciary duty, and conspiracy against Appellants and the other defendants collectively. Suzann clarified that the breach-of-fiduciary-duty claim was premised on a finding that a defendant was Michael's alter ego while her conspiracy claim was premised on there not being a finding that a defendant was Michael's alter ego. Suzann also requested that, if any defendant was found to be Michael's alter ego, it be required to account for its participation in the marketing and sale of Suzann's property and the disposition of any funds from those sales.

On November 11, 2019, Suzann filed a motion to sever the judgment against CMD. Appellants then filed a TCPA motion to dismiss Suzann's claims on December 16, 2019. Appellants asserted that Suzann had failed to cure the deficiencies in the sixth amended petition and that the allegations in the seventh amended petition were "amorphous, overly general, [and] non-specific." Appellants argued that the "thrust" of Suzann's allegations was that Michael; Mark Ruff, Michael's brother; and Jennifer Ruff, Michael's wife, and twenty-four named entities "communicated with one another to pursue a common interest to devise a plan to secret assets beyond the reach of" Suzann. Therefore, Appellants contended, Suzann's claims were based on, related to, or in response to Appellants' exercise of the right of association under the TCPA. Appellants also argued that Suzann could not present clear and specific evidence to establish a prima facie case for each essential element of her claims.

On January 7, 2020, the trial court severed all claims by Suzann against CMD into cause number C46164-2. On February 11, 2020, the trial court granted

6

Suzann's motion for discovery in cause number C46164 as to Appellants' motion to dismiss.[5] Mark thereafter removed cause number C46164 to federal district court on February 26, 2020. The federal district court granted Suzann's motion to remand the case to the trial court and mailed notice of the remand to the Palo Pinto County district clerk on April 22, 2020. Asserting that the motion to dismiss had been overruled by operation of law, on April 29, 2020, Appellants filed a notice of appeal in cause number C46164, and CMD filed another notice of appeal in cause number C46164-2.

On April 3, 2020, CMD appealed in cause number C46164-2 from the September 29, 2019 judgment.[6] On April 30, 2020, we issued an order in that appeal in which we held that the September 29 judgment, in conjunction with the severance order, was not a final, appealable order. We abated CMD's appeal of the September 29 judgment to allow the trial court to clarify its intent with regard to finality and to allow the parties to obtain orders that disposed of the claims between the parties at issue in that appeal. On May 5, 2020, the trial court signed an amended judgment in cause number C46164-2 that clarified that all of Suzann's claims against CMD that were not granted were denied, that Suzann's claims against all other defendants remained pending in cause number C46164, that the amended judgment disposed of all claims in the severed action, and that the amended judgment was final and appealable.

In cause number C46164, the trial court heard Appellants' motion to dismiss by submission and, on June 4, 2020, signed an order in which it denied the motion.

---

[5]Suzann argues that the trial court's order in which it denied Appellants' motion to dismiss should be affirmed because Appellants failed to answer the discovery propounded by Suzann. However, the record does not reflect that Suzann complained to the trial court about Appellants' failure to answer the discovery prior to responding to Appellants' motion to dismiss or that the trial court denied the motion to dismiss based on Appellants' failure to respond to any discovery.

[6]*See* *Clayton* *Mountain* *Dev.,* *LLC* *v.* *Ruff*, No. 11-20-00101-CV; https://search.txcourts.gov/Case.aspx?cn=11-20-00101-CV&coa=coa11.

The trial court found that the motion to dismiss was frivolous and was solely intended to delay and awarded Suzann attorney's fees of $7,482 as well as attorney's fees on appeal.[7] On June 24, 2020, Appellants filed an amended notice of appeal from the trial court's order in cause number C46164, and CMD also filed an amended notice of appeal from the trial court's order in cause number C46164-2. We consolidated the two appeals into this proceeding.[8]

## II. *Validity of the June 4 Order*

On July 28, 2020, this court notified the parties that, based on the timing of the trial court's June 4, 2020 order, we had concerns about the validity of the order. As such, we requested that the parties address in their appellate briefs the validity and timeliness of the June 4 order. We specifically requested that the parties address the potential effect, if any, of (1) the emergency orders issued by the Texas Supreme Court in light of the "Covid-19 State of Disaster" and (2) the brief removal of the case to federal court. In their first issue, Appellants argue that the June 4 order was timely based on either the removal of the case to federal court or on the supreme court's emergency orders. Suzann agrees with Appellants' analysis.

The TCPA requires that a hearing on a motion to dismiss be set not later than the 60th day after the date of service of the motion. CIV. PRAC. & REM. § 27.004(a). On a showing of good cause, the trial court may allow specific and limited discovery

---

[7]We note that the trial court did not expressly condition the award of appellate attorney's fees on the success of the appeal. "Because unconditional appellate fees are improper, such a condition is necessarily implied." *La Ventana Ranch Owners' Ass'n, Inc. v. Davis*, 363 S.W.3d 632, 652 n.17 (Tex. App.—Austin 2011, pet. denied); *see also Ruff v. Ruff*, No. 11-20-00122-CV, 2021 WL 388707, at *3 n.4 (Tex. App.—Eastland Feb. 4, 2021, pet. filed) (mem. op.).

[8]Because the trial court continued to consider and rule on CMD's motion to dismiss in cause number C46164 after it had severed Suzann's claims against CMD into cause number C46164-2, this court is confronted with the unusual situation in which CMD has appealed the denial of its motion to dismiss in both the original and the severed causes while simultaneously appealing from the judgment against it in the severed cause. For the sake of judicial efficiency, we will consider the trial court's denial of CMD's motion to dismiss in conjunction with the other Appellants' motion to dismiss and will address CMD's appeal of the judgment against it in a separate opinion.

8

relevant to the motion, *id.* § 27.006(b), and may extend the hearing date to allow the parties to pursue the permitted discovery, *id.* § 27.004(c). The hearing must be held no more than 120 days after the service of the motion. *Id.* § 27.004(c). Further, the trial court must rule on the motion not later than the 30th day following the date of the hearing. *Id.* § 27.005(a).

Appellants filed the motion to dismiss on December 16, 2019. Based on that filing date, the trial court was required to set the motion for hearing not later than February 14, 2020. *See id.* § 27.004(a). However, on February 11, 2020, the trial court granted Suzann's motion for discovery as to the motion to dismiss. Therefore, the trial court could extend the hearing date until April 14, 2020, and was required to rule on the motion not later than May 14, 2020. *See id.* §§ 27.004(c), .005(a).

Mark removed the case to federal court on February 26, 2020, which divested the state court of jurisdiction. *See* 28 U.S.C. § 1446(d) (A notice of removal served on all adverse parties and filed with the clerk of the state court "shall effect the removal and the State court shall proceed no further unless and until the case is remanded."); *In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 624 (Tex. 2007) (orig. proceeding) ("From the time the case was removed to federal court until it was remanded to state court, the state court was prohibited from taking further action."). Because state court time periods and deadlines are suspended when a case is removed to federal court, the period of removal is not considered in the determination of whether a motion in the state court has been timely filed or considered. *In re Univ. of the Incarnate Word*, 469 S.W.3d 255, 258–59 (Tex. App.—San Antonio 2015, orig. proceeding); *see also Ruff v. Ruff*, No. 11-20-00122-CV, 2021 WL 388707, at *4 (Tex. App.—Eastland Feb. 4, 2021, pet. filed) (mem. op.).

At the time that Mark removed the case, the motion to dismiss had been on file for seventy-two days. When the case was remanded to the trial court on April 22,

9

2020, the proceedings resumed as if there had been no interruption, and the trial court had forty-eight days in which to set the motion to dismiss for hearing. *See* Civ. Prac. & Rem. §§ 27.004(c), .006(b). Therefore, the trial court was required to set the motion to dismiss for hearing not later than June 9, 2020. Here, the trial court timely set the motion to dismiss for hearing by submission and had authority to sign the June 4 order. We sustain Appellants' first issue.

## III. *Analysis*

In their second and fourth through sixth issues, Appellants assert that the trial court erred (1) when it denied the motion to dismiss because (i) the motion was filed timely, (ii) they established by a preponderance of the evidence that the TCPA applies to Suzann's claims, and (iii) Suzann failed to present clear and specific evidence to establish a prima facie case for each essential element of her claims and (2) when it awarded attorney's fees to Suzann.

### A. *The TCPA*

The TCPA protects citizens from retaliatory lawsuits meant to intimidate or silence them on matters of public concern. *Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 376 (Tex. 2019); *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding). "The TCPA's purpose is to safeguard 'the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law'" and, at the same time, protect the rights of a person "to file meritorious lawsuits for demonstrable injury." *Kinder Morgan SACROC, LP v. Scurry Cty.*, 622 S.W.3d 834, 847 (Tex. 2021) (quoting Civ. Prac. & Rem. § 27.002). We construe the TCPA "liberally to effectuate its purpose and intent fully." Civ. Prac. & Rem. § 27.011(b); *see also State ex rel. Best v. Harper*, 562 S.W.3d 1, 11 (Tex. 2018).

The TCPA "provides a three-step process for the dismissal of a 'legal action' to which it applies." *Montelongo v. Abrea*, 622 S.W.3d 290, 296 (Tex. 2021). The

movant has the initial burden to demonstrate by a preponderance of the evidence that the legal action is based on, related to, or in response to the movant's exercise of the right of free speech, petition, or association. CIV. PRAC. & REM. § 27.005(b); *Montelongo*, 622 S.W.3d at 296. If the movant makes this showing, the burden shifts to the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of the claim in question. CIV. PRAC. & REM. § 27.005(c); *Montelongo*, 622 S.W.3d at 296. If the nonmovant satisfies that burden, the trial court still must dismiss the legal action if the movant "establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim." CIV. PRAC. & REM. § 27.005(d).

We review de novo the question of whether the parties satisfied their respective burdens. *Hall*, 579 S.W.3d at 377. When we determine whether the defendant carried its initial burden to establish that the TCPA applies to the plaintiff's claims, we consider the pleadings and affidavits that state the facts on which liability is based. CIV. PRAC. & REM. § 27.006(a); *Montelongo*, 622 S.W.3d at 296. A legal action's basis is determined by the plaintiff's allegations rather than by the defendant's admissions or denials. *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017). The plaintiff's petition is "the 'best and all-sufficient evidence of the nature of the action.'" *Id.* (quoting *Stockyards Nat'l Bank v. Maples*, 95 S.W.2d 633, 637 (Tex. 1936)).

Appellants moved for dismissal on the ground that Suzann's claims are based on, related to, or in response to Appellants' exercise of the right of association. The "[e]xercise of the right of association" is defined in the TCPA as "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." CIV. PRAC. & REM. § 27.001(2).

Simultaneously with this opinion, we have issued our opinion in *Clayton Mountain, LLC v. Ruff*. Based on the sixth and seventh amended petitions filed by

11

Suzann, we held in that opinion that the appellants failed to establish by a preponderance of the evidence that the TCPA applies to Suzann's claims. No. 11-20-00034-CV, slip op. at 11–18 (Tex. App.—Eastland Aug. 5, 2021, no pet. h.) (mem. op.). We adopt our reasoning in that opinion and hold in this appeal that Appellants also failed to establish that the TCPA applies to Suzann's claims either (1) because Suzann's claims are not based on communications or (2) because the communications between Appellants and Michael related to a "common interest" that did not include a public or citizen component. *Id.* Accordingly, we overrule Appellants' fourth issue.[9]

B. *Attorney's Fees*

In their sixth issue, Appellants contend that the trial court erred when it (1) found that the motion to dismiss was frivolous or filed solely for purposes of delay, and (2) awarded attorney's fees to Suzann.

We review the trial court's decision to award attorney's fees under the TCPA for an abuse of discretion. *Caliber Oil & Gas, LLC v. Midland Visions 2000*, 591 S.W.3d 226, 242 (Tex. App.—Eastland 2019, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably or without regard to guiding principles. *Id.* at 242–43; *see also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

"[T]o secure an award of attorney's fees from an opponent, the prevailing party must prove that: (1) recovery of attorney's fees is legally authorized, and (2) the requested attorney's fees are reasonable and necessary for the legal representation, so that such an award will compensate the prevailing party generally

---

[9]Based on our resolution of Appellants' fourth issue, we need not address Appellants' second issue, in which they assert that the motion to dismiss was timely, or their fifth issue, in which they assert that Suzann failed to carry her burden to establish by clear and specific evidence a prima facie case of each essential element of her claims. *See* Tex. R. App. P. 47.1; *Blue Gold Energy Barstow, LLC v. Precision Frac, LLC*, No. 11-19-00238-CV, 2020 WL 1809193, at *8 (Tex. App.—Eastland Apr. 9, 2020, no pet.) (mem. op.).

for its losses resulting from the litigation process." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 487 (Tex. 2019).  Pursuant to the TCPA, the trial court has discretion to award costs and reasonable attorney's fees to a nonmovant if it determines that the motion to dismiss was frivolous or solely intended to delay.  CIV. PRAC. & REM. § 27.009(b); *Caliber*, 591 S.W.3d at 243.  Here, the trial court found that Appellants' motion to dismiss was both frivolous and solely intended to delay and awarded Suzann $7,482 for attorney's fees in the trial court and additional attorney's fees on appeal.

A motion to dismiss under the TCPA is frivolous if it has no basis in law or fact and lacks a legal basis or legal merit.  *Caliber*, 591 S.W.3d at 243.  In their motion to dismiss, Appellants argued that the TCPA applied because Suzann's claims were based on Appellants' exercise of the right of association.  As discussed in our opinion in *Clayton Mountain*, some of Suzann's claims were necessarily premised on communications.  *See* No. 11-20-00034-CV, slip op. at 19.  Therefore, the issue is whether Appellants' contention that those communications related to a "common interest" under the TCPA had a legal basis or legal merit.

When Appellants filed the motion to dismiss, there was a split among the courts of appeals as to whether the "common interest" necessary for the exercise of the right of association as defined by the TCPA included a "citizen" or "public" component.  *See Stallion Oilfield Servs. Ltd. v. Gravity Oilfield Servs., LLC*, 592 S.W.3d 205, 222 (Tex. App.—Eastland 2019, pet. denied).  Several courts of appeals had held that communications between individuals for the purpose of engaging in a business enterprise constituted the "exercise of the right of association," even if those communications involved confidential information misappropriated from the nonmovant.  *See id.*  We have now concluded that the "common interest" necessary to constitute the "exercise of the right of association" under the TCPA requires a "citizen" or "public" component.  *See Norwich v. Jack N. Mousa, Ltd*, No.

13

11-19-00339-CV, 2020 WL 2836789, at *5 (Tex. App.—Eastland May 29, 2020, pet. denied); *Blue Gold Energy Barstow, LLC v. Precision Frac, LLC*, No. 11-19-00238-CV, 2020 WL 1809193, at *6 (Tex. App.—Eastland Apr. 9, 2020, no pet.) (mem. op.). However, at the time that Appellants filed their motion to dismiss, we had not addressed this unsettled issue, and thus Appellants had a legal basis to assert that the TCPA applied to Suzann's claims. *See Stallion Oilfield*, 592 S.W.3d at 222; *see also Keane Frac, LP v. SP Silica Sales, LLC*, 608 S.W.3d 416, 433 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (holding that motion to dismiss was not frivolous based on the "unclear state of the law at the time" that appellant filed the motion).

Suzann argues that we issued our opinion in *Blue Gold Energy* before the trial court ruled on Appellants' motion to dismiss and that Appellants were given the opportunity to withdraw the motion. However, on January 17, 2020, the Texas Supreme Court denied review in *Grant v. Pivot Technology Solutions, Ltd.*, 556 S.W.3d 865, 879 (Tex. App.—Austin 2018, pet. denied), a case which supported Appellants' position that the TCPA applied to Suzann's claims. Further, the parties in *Blue Gold Energy* did not seek review of our decision from the Texas Supreme Court, and the Texas Supreme Court did not deny review of our opinion in *Norwich* until after the trial court had denied Appellants' motion to dismiss and Appellants had filed this appeal. Under these circumstances, we hold that Appellants' decision to stand on their motion to dismiss was not frivolous. *See Jones v. Heslin*, No. 03-19-00811-CV, 2020 WL 1452025, at *6 (Tex. App.—Austin Mar. 25, 2020, pet. denied) (mem. op.) (holding that, in the context of request for an award of attorney's fees on the ground that an appeal was frivolous, the court reviews the record "from the advocate's viewpoint" to decide whether "he had reasonable grounds to believe the judgment could be reversed"); *see also Grand Parkline, LLC v. Mama Fu's Lakeline, LLC*, No. 03-19-00683-CV, 2020 WL 7050375, at *6 (Tex. App.—Austin Dec. 2, 2020, no pet.) (mem. op.) (holding that the appellants' TCPA motion to

dismiss was not frivolous because, when the appellants filed the motion, they did not have the benefit of case law that "effectively closed the door on the arguments appellants made in their TCPA motion").

The trial court also found that Appellants filed the motion to dismiss solely to delay. Appellants did not file the motion to dismiss until after Suzann filed the seventh amended petition. Although Suzann argues that Appellants filed the motion to delay the proceedings against Michael, the issue before us is whether Appellants' *intent* when the motion was filed was *solely* to delay the proceedings.

In order to sufficiently plead a cause of action, Suzann was required to provide a "short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 47(a); *see also Montelongo*, 622 S.W.3d at 300. "When evaluating a cause of action, we consider not just the facts, but whether those facts establish the existence of a legal right or duty and the violation or breach of that right or duty." *Montelongo*, 622 S.W.3d at 300. "[T]o assert a cause of action, the pleading must be sufficient to enable a court to determine, with reasonable certainty, not just the facts, but 'the elements of [the] cause of action and the relief sought with sufficient information upon which to base a judgment.'" *Id.* at 301 (quoting *Stoner v. Thompson*, 587 S.W.2d 679, 683 (Tex. 1979)). "[O]nce pleaded, a cause of action consists not merely of the alleged facts, but also the elements those facts must establish to entitle the claimant to relief." *Id.*

The trial court granted special exceptions to Suzann's "pleaded cause[s] of action" for constructive trust, breach of fiduciary duty, conspiracy, an accounting, and fraud as alleged in the sixth amended petition. In her sixth amended petition, Suzann asserted these claims, collectively, against Appellants and the other business entity defendants. Therefore, when the trial court granted the special exceptions, it necessarily determined that Suzann had failed to sufficiently plead the required elements of her causes of action for the imposition of a constructive trust, breach of

fiduciary duty, conspiracy, an accounting, and fraud as to any of the defendants against which Suzann had collectively asserted those causes of action.[10]

Suzann filed the seventh amended petition to attempt to address the deficiencies in the sixth amended petition as to these pleaded causes of action and specifically alleged, for the first time, that some of her causes of actions against Appellants were premised on a finding that Appellants were Michael's alter ego while other causes of action were premised on there not being a finding that Appellants were Michael's alter ego.[11] As such, until the filing of her seventh amended petition, Suzann had not alleged a basis for holding Appellants liable for Michael's conduct. *See Dodd v. Savino*, 426 S.W.3d 275, 291 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (holding that alter ego is a means of imposing liability for an underlying cause of action); *see also In re Compton*, No. 11-20-00154-CV, 2020 WL 4519562 at *3 (Tex. App.—Eastland Aug. 6, 2020, orig. proceeding) (mem. op.). Appellants responded by filing the motion to dismiss and as discussed above, had a valid basis in both law and fact to seek the dismissal of the claims asserted against them. Therefore, on this record, the trial court erred when it found that the motion to dismiss was solely intended to delay. *See Grand Parkline*, 2020 WL

---

[10]Our opinion is limited to the issue of whether the trial court properly determined that the motion to dismiss was intended solely for delay. We do not address whether a defendant against whom a plaintiff has asserted collective claims, but failed to make specific factual allegations, can rely on special exceptions filed by another defendant.

[11]This case, therefore, is distinguishable from *Borderline Management, LLC v. Ruff* in which the record reflected that Borderline not only filed an untimely TCPA motion to dismiss but engaged in conduct separate from the filing of the motion to dismiss that delayed the proceedings. No. 11-19-00152-CV 2020 WL 1061485, at *8, 9 (Tex. App.—Eastland Mar. 5, 2020, pet. denied) (mem. op.). Further, in *Borderline*, the trial court granted only Borderline's special exception to Suzann's breach-of-fiduciary-duty claim as pleaded in the third amended petition. *Id.* at *3. In the sixth amended petition, Suzann made additional factual allegations against Borderline. *Id.* Borderline did not file special exceptions to the sixth amended petition; rather, it filed a TCPA motion to dismiss within sixty days of the date that Suzann filed the sixth amended petition. *Id.* at *4. We held that Borderline's motion to dismiss was untimely because Suzann had never asserted a claim for breach of fiduciary duty against Borderline and because we could not conclude that "the trial court's grant of a special exception that leads only to a clarification that a claim is not being asserted against a TCPA movant tolls the time period in which to file a TCPA motion to dismiss." *Id.* at *6.

16

7050375, at *6 (holding that trial court abused its discretion when it found that TCPA motion to dismiss was solely intended to delay when TCPA motion was filed timely and the record did not reflect that the motion was motivated solely by delay).

Accordingly, we sustain Appellants' sixth issue.

*This Court's Ruling*

We reverse the portion of the trial court's June 4, 2020 order in which it awarded attorney's fees to Suzann and render judgment that Suzann take nothing on her request for attorney's fees. In all other respects, we affirm the trial court's June 4, 2020 order.


W. STACY TROTTER
JUSTICE


August 5, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.